**FIDELITY AND DEPOSIT INSURANCE as Subrogee of Optimum Re Insurance Company and Optimum Re Insurance Company, Appellants,**

v.

**SWAN ROOFING, L.L.C., Appellee.**

No. 05–04–00434–CV.

Court of Appeals of Texas, Dallas.

July 15, 2005.

James Paul Acosta, and N. Scott Carpenter, The Carpenter Law Firm, P.C., Plano, for Appellant.

Daniel G. Altman, Shrull & Altman, Fort Worth, for Appellee.

Before Justices WRIGHT, RICHTER, and MAZZANT.

## OPINION

Opinion by Justice WRIGHT.

Fidelity and Deposit Insurance, as subrogee, and Optimum Re Insurance Company appeal the take-nothing summary judgment granted in favor of Swan Roofing, L.L.C. Appellants sued Swan for negligence, breach of contract, and breach of express and implied warranties regarding a roof repair to a commercial building. In a single issue, appellants maintain certain fact issues regarding proximate cause preclude summary judgment. We overrule appellants' sole issue and affirm the trial court's judgment.

### Background

In July 2001, Swan and a plumbing company were hired to install and reseal five roof drains to alleviate water collection on the roof of the Optimum building.[1] Swan cut holes into the roof and clamped the drains in place, then resealed the area around the drain.

Robert Thomas, an Optimum employee who discovered significant flooding in the Optimum building, testified regarding his observations that the water was coming from the women's restroom on the second floor. Thomas entered the restroom and

---

1. Appellants sued Swan and the plumbing company. After the plumbing company set-tled, it was dismissed from the case and is not a party to this appeal.

saw a soaked ceiling tile clogging the sink drain, allowing running water to overflow. It appeared the tile had fallen from the ceiling directly into the sink, "kicking" the faucet on, and causing extensive water damage throughout the office building.

Appellants sued for negligence, breach of contract, and breach of warranty, contending that Swan's acts or omissions were the proximate cause of damages to the Optimum building. Thereafter, Swan filed both a traditional and no-evidence motion for summary judgment asserting the damages were so remotely connected there was no evidence to constitute causation, an element common to all three claims. The trial court granted Swan's motion for summary judgment and ordered appellants take nothing. This appeal followed.

## Discussion

■ Swan's motion for summary judgment rested on both traditional and no-evidence grounds. A traditional motion for summary judgment requires Swan to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A no-evidence summary judgment requires that appellants present sufficient evidence to raise a genuine issue of fact on each challenged element of three claims. TEX.R. CIV. P. 166a(i); *see Gen. Mills Rest. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex. App.-Dallas 2000, no pet.); *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 682–83 (Tex.App.-Dallas 2000, no pet.). Because the trial court granted the motion for summary judgment without specifying whether it was granting the no-evidence or the traditional motion, appellants must establish that each of the grounds asserted in the motion is insufficient to support the judgment. *Jones v.*

*Hyman*, 107 S.W.3d 830, 832 (Tex.App.-Dallas 2003, no pet.).

■ Appellants' brief does not appear to address the traditional summary judgment portion of Swan's summary judgment motion. Appellants have set forth no issue, argument, or discussion challenging the traditional portion of the summary judgment motion; thus, they have not met their appellate burden to establish the trial court's judgment was erroneous. Because summary judgment may have been granted on the unchallenged traditional portion of Swan's motion, we must affirm the trial court's judgment. *See Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex.App.-Dallas 1992, writ denied); *King v. Tex. Employers' Ins. Ass'n*, 716 S.W.2d 181, 182–83 (Tex.App.-Fort Worth 1986, no writ); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970).

■ Moreover, even assuming we broadly construe appellants' argument as attacking the traditional portion of the motion, we have reviewed the summary judgment record and reach the same conclusion. Swan moved for summary judgment on grounds that causation was negated as a matter of law. Swan relied on, among other things, Serge Goulet's and Thomas's testimony, to show causation was negated. In his deposition, Goulet testified that a "ceiling tile in the ladies' restroom on the second floor got soaked with water, fell down, hit the mirror at an angle, and then fell down on the faucet, turned on the faucet for the hot water and—then stayed in the sink, clogged the sink." According to Goulet, when he looked to where the ceiling tile had been, he could see the roof drain. Thomas, the employee who discovered the flood, described the chain of events in a similar fashion. Thomas concluded that when the ceiling tile became soaked, it got heavy and fell into the sink. It fell directly on the faucet, a "pretty

unusual circumstance" and turned the water on. A small piece of the ceiling tile broke off and clogged the drain. This evidence merely shows that Swan may have contributed to a condition by improperly installing the drains, but it does not show Swan's failure to properly reseal the roof was the cause of extensive flooding in the building. Rather, the evidence shows the unlikely chain of events where the wet ceiling tile hit the mirror at an angle, turned on the faucet and clogged the drain, and the running faucet flooded the building. These particular circumstances are too remotely connected with Swan's conduct in installing the drain to constitute legal cause. *See IHS Cedars Treatment Ctr. v. Mason,* 143 S.W.3d 794, 803 (Tex. 2004); *Union Pump Co. v. Allbritton,* 898 S.W.2d 773, 776 (Tex.1995); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 472 (Tex. 1991). Thus, we conclude the trial court properly granted Swan's motion for summary judgment. We overrule appellants' sole issue.

Accordingly, we affirm the trial court's judgment.