OPINION HEADING PER CUR 









                NO. 12-05-00129-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

PEDRO
GUERRA,   §          APPEAL FROM THE 124TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

REGIONS
BANK,

APPELLEE   §          GREGG
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 

 



OPINION









            Pedro Guerra (“Appellant”) appeals a take nothing summary
judgment granted in favor of Regions Bank. 
In a single issue, Appellant contends that the trial court erred in
granting a motion for summary judgment on the basis that Regions owed no duty
to him.  We affirm.

Background

            In late January 2002, Jerry L. Maines opened a joint
checking account under his name and the name of “Pedro Guerra.”  Maines listed his address as 600 Baylor
Drive, Apartment 234, Longview, Texas 75601-4529.  He listed Guerra’s address as 600 Baylor
Drive, Apartment 231, Longview, Texas 75601-4528.[1] 
Maines used a check from the Internal Revenue Service payable to “Pedro
Guerra” in the amount of $300.00 to open the account.  The account card that Regions had on file
showed Guerra’s address, a social security number, home phone number, and date
of birth.  The account card also included
a notation that Guerra was identified by an “Arkansas identification.”  However, it appears that “Pedro Guerra” never
went to the bank in person to open this account.

            Once the account was opened, approximately thirty-one
checks were drawn on the account by








 “Pedro Guerra.”  Virtually all of them were returned as “insufficient
funds” checks.  These checks were written
during the months of February, March, and April of 2002.  On March 29, 2002, the Internal Revenue
Service received a request under its reclamation program from Pedro Guerra for
the $300.00 check to be reissued because it had been cashed by Maines.  This Pedro Guerra listed his address as 1407
North Eastman Road, Apartment C, Longview, Texas 75601.  The overdrawn account at Regions was closed.  Maines was later arrested on an unrelated
forgery and had in his possession a driver’s license bearing the name of “Pedro
Hugo Guerra” with the Baylor Drive address in Longview.

            Following the closing of the joint account under the
names of Maines and Guerra, eight Longview merchants filed worthless check
information sheets with the Gregg County District Attorney.  All eight merchants listed the address for “Pedro
Guerra” as 600 Baylor Drive, Number 234, Longview, Texas 75601.  In the part of the information sheet
requesting a driver’s license number, the eight merchants listed a number of different
driver’s license numbers.  Regions did
not file any complaints or furnish any identifying information to the Gregg
County District Attorney’s Office regarding “Pedro Guerra.”  

            The Gregg County District Attorney’s Office issued an
arrest warrant for “Pedro Guerra” on July 29, 2002 using Appellant’s driver’s
license number.  It is unclear from the
summary judgment evidence how the District Attorney’s Office obtained Appellant’s
driver’s license number.  Appellant had
never had an account with Regions nor had he ever been to Longview.  Appellant’s date of birth and social security
number did not match those of the “Pedro Guerra” on the Regions account
card.  Further, none of the driver’s
license numbers provided by the eight merchants matched Appellant’s.

            On August 8, 2002, an officer with the City of Bellaire
Police Department stopped Appellant for driving through a red light and not
having insurance on his vehicle.  During
the stop, the officer discovered that Gregg County had issued an arrest warrant
for “Pedro Guerra” and that Appellant’s driver’s license number was listed on
the arrest warrant.  Appellant was later
transported to the Gregg County Jail in Longview and was not released from
there until September 3, 2002.

            Appellant filed suit against Regions for negligence in
its opening of the joint account under the names of Maines and a “Pedro Guerra”
alleging, in part, that Regions failed to adequately investigate the identity
of the person opening the account; failed to verify the identity of the persons
whose names appeared on the account and checks; failed to follow its own
policies and procedures relating to the opening of a bank account; and failed
to verify that the person opening the account had the authority to do so.  Regions then filed a motion for summary
judgment on both traditional and no evidence grounds.  The trial court granted Regions’s motion for
summary judgment on the basis that it owed no duty to Appellant.  Appellant timely filed this appeal.  

 

Issue

            Appellant contends that the trial court erred in granting
Regions’s motion for summary judgment on the basis that it owed no duty to
him.  

 

Standard of Review

            To prevail on a traditional summary judgment motion, a
movant must show that no genuine issue of material fact exists and that it is
entitled to judgment as a matter of law. 
Tex. R. Civ. P.
166a(c).  A movant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.  Southwestern
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant’s favor.  Id.

            To prevail on a no evidence summary judgment motion, a
movant must allege that there is no evidence of an essential element of the
adverse party’s claim.  Tex. R. Civ. P. 166a(i).  The motion must specify the elements for
which there is no evidence, and the motion must be granted unless the nonmovant
produces summary judgment evidence raising a genuine issue of material
fact.  Hawkins v. Trinity Baptist
Church, 30 S.W.3d 446, 450 (Tex. App.–Tyler 2000, no pet.).  When the trial court grants a motion for
summary judgment without specifying whether it was granting the no evidence or
the traditional motion, an appellant must establish that each of the grounds
asserted in the motion is insufficient to support the judgment.  Fidelity & Deposit Ins. v. Swan
Roofing, 167 S.W.3d 633, 635 (Tex. App.–Dallas 2005, no pet.).  

 

Negligence 

            The elements of a negligence cause of action are the
existence of a legal duty, a breach of that duty, and damages proximately
caused by the breach.  IHS Cedars
Treatment Ctr. of DeSoto, Texas, Inc. v. Mason, 143 S.W.3d 794, 798
(Tex. 2004).  In determining whether the
defendant was under a duty, the court will consider several interrelated
factors, including the risk, foreseeability, and likelihood of injury weighed
against the social utility of the actor’s conduct, the magnitude of the burden
of guarding against the injury, and the consequences of placing the burden on
the defendant.  Greater Houston
Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990).  Of all these factors, foreseeability of the
risk is “the foremost and dominant consideration.”  Id. (quoting El Chico
Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987)).

            Whether a duty exists is a question of law for the
court.  Bird v. W.C.W., 868
S.W.2d 767, 769 (Tex. 1994).  To maintain
his negligence action against Regions, Appellant first had to establish some
duty Regions owed to him.  Miller-Rogaska,
Inc. v. Bank One, Texas, N.A., 931 S.W.2d 655, 663 (Tex. App.–Dallas
1996, no writ).  Appellant has conceded
that he was not a customer nor did he have any other relationship with
Regions.  Because he was not a Regions
customer and had no other relationship with Regions, as a matter of law Regions
owed no duty to Appellant.  See id.
at 664.  Appellant also argued that the
risk, foreseeability, and likelihood of his injuries could have been “guarded
against” if Regions had followed its own banking procedures.  A bank’s internal policies do not determine a
standard of care or duty.  FFE
Transp. Servs., Inc. v. Fulgham, 154 S.W.3d 84, 92 (Tex. 2004).  

            Appellant concedes that, under current Texas law, Regions
does not owe him a duty for its actions in opening the account.  However, he invites us to determine there is
a duty based upon the Alabama Supreme Court’s decision in Patrick v.
Union State Bank, 681 So.2d 1364 (Ala. 1996).  In that case, Bridgette Patrick’s Alabama
temporary driver’s license and a department store credit card were stolen from
her wallet.  She reported the stolen
credit card to the creditor, and she subsequently received her permanent driver’s
license in the mail.  However, within a
month, a person identifying herself as “Bridgette Patrick” opened a checking
account with a deposit of $100.00 at a branch of Union State Bank (“Union Bank”).  A number of insufficient funds checks,
totaling $1,500.00, were written on this newly opened account.  Id. at 1365.  

            The real Bridgette Patrick was then arrested at least
four times, spent numerous nights in jail, and went through great effort to
clear her name.  Id. at
1366.  Union Bank argued that it had no
duty to the real Bridgette Patrick because there was no relationship between
the bank and Patrick.  The Alabama
Supreme Court disagreed because the bank thought it had a relationship with
Bridgette Patrick when it opened the account under her name, using her social
security number and temporary driver’s license as identification.  Id. at 1369.  The court then concluded “that the fraudulent
scheme effectuated here, as well as the injury and harm it caused Ms. Patrick,
was foreseeable to the extent that a duty may be imposed.”  Id.

            The test for foreseeability in Texas is whether a person
of ordinary intelligence would have anticipated the danger his or her
negligence creates.  Southwest Key
Program, Inc. v. Gil-Perez, 81 S.W.3d 269, 274 (Tex. 2002).  Foreseeability does not require an actor to
anticipate the precise manner in which the injury will occur; instead, the
injury need only be of a general character that the actor might reasonably
anticipate.  Lee Lewis Const., Inc.
v. Harrison, 70 S.W.3d 778, 785 (Tex. 2001).  With this definition of foreseeability in
Texas, we decline to follow Patrick.  

            In Patrick, the account was opened by an
imposter using Patrick’s social security number and temporary driver’s license
as identification.  In the case before
us, Regions had no relationship with Appellant and had no knowledge of him
until he filed this suit against Regions. 
In opening the joint account, Regions could not have believed that it
was establishing a relationship with Appellant because, unlike the imposter in Patrick,
Maines did not use Appellant’s name, social security number, and driver’s
license number to open the account.

            Further, the arrest of Appellant for a traffic violation
in Bellaire could not have reasonably been foreseen by Regions when it opened
an account under the name of “Pedro Guerra” with a Longview address and an
Internal Revenue check payable to a “Pedro Guerra” who lived in Longview.  The only fact in the summary judgment
evidence that connects Appellant to the theft by check charges is his driver’s
license number.  However, the appellate
record does not reveal how the Gregg County District Attorney’s Office obtained
the number.  There are certain situations
in which the happenstance of place and time is too attenuated from the
defendant’s conduct for liability to be imposed.  See Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 472 (Tex. 1991).  It was
not reasonable to expect Regions to foresee that an individual with the same
first and last name living over 200 miles away would be affected by the opening
of this checking account.  See Union
Pump Co. v. Allbritton, 898 S.W.2d 773, 776 (Tex. 1995) (circumstances
surrounding an individual’s injuries may be too remotely connected with a
defendant’s conduct to constitute a legal cause of his injuries.).  We hold that there is no evidence that
Regions owed Appellant a legal duty. 
Appellant’s sole issue is overruled. 

 

Conclusion

            Having overruled Appellant’s sole issue, the judgment of
the trial court is affirmed.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion
delivered February 28, 2006.

 

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

(PUBLISH)











[1]  The “Pedro Guerra” who is the appellant
will always be designated as “Appellant” in this opinion.  The “Pedro Guerra” in Longview will be
referred to by that name.