Kathy JONES and Jason Jones, Appellants,

v.

Charles HYMAN, Carrie Ivy, and Oshman's Sporting Goods, Inc., Appellees.

No. 05–02–00762–CV.

Court of Appeals of Texas, Dallas.

May 29, 2003.

Kathy and Jason Jones, Garland, pro se.

Paul David Sculley, Houston, for Appellee.

Before Justices MORRIS, WHITTINGTON, and FRANCES.

## OPINION

Opinion by Justice MORRIS.

In this appeal from a summary judgment, appellants assert that there are genuine issues of material fact precluding summary judgment, the evidence supporting appellees' motion for summary judgment is false, and the trial court erred in refusing to admit evidence supporting Jason Jones's claim of legal disability. Concluding there is no merit in the Jones's arguments, we affirm the trial court's judgment.

### I.

On August 7, 1997, three young men were observed stealing merchandise from an Oshman's Sporting Goods store. Charles Hyman and Carrie Ivy, who were in the store at the time, later identified Jason Jones as one of the perpetrators. Jason was arrested, tried, and convicted of theft. The judgment was signed on November 24, 1998. Jason did not appeal his conviction.

On November 20, 2001, Jason and his mother, Kathy Jones, filed suit against Hyman, Ivy, and Oshman's. The Joneses claimed that Hyman and Ivy committed perjury when they identified Jason as one of the men involved in the theft. The Joneses further claimed they were entitled to damages in tort for, among other things, intentional infliction of emotional distress.

Oshman's, Hyman, and Ivy moved for summary judgment on all the Joneses' claims arguing the claims were barred by the statute of limitations, collaterally estopped by Jason's criminal conviction, and barred by public policy. The Joneses responded that the two year statute of limitations did not apply because Jason was under a legal disability. The Joneses further argued that collateral estoppel did not apply because Jason was wrongfully convicted. The Joneses did not respond to the public policy argument. Following a hearing, the trial court granted the motion for summary judgment without stating the grounds relied upon. This appeal ensued.

### II.

■ As stated above, one of the grounds for summary judgment asserted by Oshman's, Hyman, and Ivy was that the Joneses claims were barred by public policy. Texas public policy prohibits a person convicted of a crime from suing another for damages caused by the conviction because allowing civil recovery impermissibly

shifts responsibility for the crime away from the person convicted. *See Johnson v. Odom,* 949 S.W.2d 392, 393 (Tex.App.-Houston [14th Dist.] 1997, pet. denied). The Joneses did not respond to this ground for summary judgment in the trial court and fail to address the ground on appeal. When the trial court's judgment does not state the grounds upon which it was granted, the appellant must show that each of the grounds asserted in the motion is insufficient to support the judgment. *Holloway v. Starnes,* 840 S.W.2d 14, 18 (Tex.App.-Dallas 1992, writ denied). Because the Joneses do not challenge the public policy ground as a basis for the judgment, the judgment may be affirmed on that ground alone. *See Johnston v. American Medical Int'l,* 36 S.W.3d 572, 579 (Tex.App.-Tyler 2000, pet. denied).

█ The judgment may also be affirmed on the basis that the Joneses are collaterally estopped from succeeding on their claims by the prior criminal conviction. The foundation of all the Joneses claims is that Jason was wrongfully accused and found guilty of theft. Indeed, on appeal, the Joneses argue that "collateral estoppel does not apply to this suit based upon the fact that Oshman's employees and managers malicious accusations [sic] that resulted in false imprisonment and wrongful conviction of Respondent, Jason Jones." To succeed on their claims, the Joneses would necessarily have to show that Jason was innocent of the charges against him. Jason did not appeal his conviction. Any evidence presented that Jason was wrongfully accused and convicted would constitute an impermissible collateral attack on the criminal judgment. *See McCormick v. Texas Commerce Bank Nat'l Ass'n,* 751 S.W.2d 887, 889 (Tex.App.-Houston [14th Dist.] 1988, writ denied). Accordingly, the criminal judgment precludes any recovery on the claims in this case as a matter of law. *See Jackson v. Smith Sec. Serv., Inc.,* 786 S.W.2d 787, 789 (Tex.App.-Houston [1st Dist.] 1990, no writ).

Because we have concluded the judgment may be supported either on the basis of public policy or collateral estoppel, there is no need for us to address the Joneses' contention that the statute of limitations on their claims was tolled by Jason's alleged legal disability. We affirm the trial court's judgment.