**Gary W. KETTER, M.D. and Gary W. Ketter, M.D., P.A., Appellants**

v.

**ESC MEDICAL SYSTEMS, INC. and Eclipse Medical, Inc., Appellees.**

No. 05–03–01628–CV.

Court of Appeals of Texas, Dallas.

Aug. 17, 2005.

Robin B. Kinsel, J. Wade Birdwell, Wallach, Andrews, Florsheim & Stouffer, P.C., Fort Worth, for appellants.

Philip P. Romero, Jay R. Downs, Downs & Stanford, P.C., John R. Henderson, Brown McCarroll, L.L.P., Dallas, Craig A. Morgan, Brown McCarroll, L.L.P., Austin, for appellees.

Before Justices FITZGERALD, RICHTER, and LANG.

## OPINION

Opinion by Justice FITZGERALD.

Gary W. Ketter, M.D. and Gary W. Ketter, M.D., P.A. appeal the judgment in favor ESC Medical Systems, Inc. and Eclipse Medical, Inc. Ketter brings four issues asserting the trial court erred by (1) granting Eclipse's traditional motion for summary judgment that merely adopted ESC's motion; (2) granting ESC's and Eclipse's no-evidence motions because they lacked sufficient specificity; (3) considering an unsworn statement as an affidavit in support of ESC's traditional motion for summary judgment; and (4) granting ESC's and Eclipse's traditional[1] motions for summary judgment on Ketter's causes of action for common-law fraud, breach of implied warranty, violation of the Texas Deceptive Trade Practices Act (DTPA) and for Ketter's "loss of reputation." We reverse in part and affirm in part.

## FACTUAL BACKGROUND

Gary W. Ketter, M.D. is a physician specializing in otolaryngology, which involves treatment of ear, nose, and throat conditions. Ketter testified that in 1997, he became interested in expanding his practice to include certain cosmetic procedures. Ketter also testified that in 1997, after a salesman told him the EpiLight Hair Removal System would remove hair permanently and could generate a certain level of earnings, he leased an EpiLight system. The system was manufactured by ESC Medical Systems, Inc. and distributed by Eclipse Medical, Inc. Ketter testified that the machine did not remove hair permanently and most patients experienced complete regrowth of hair in the treated areas. The patients were not satisfied with the results, and Ketter had to provide additional treatments for free and numerous refunds of fees, which resulted in the machine not being as profitable as was represented. On June 30, 2000, Ketter sued ESC, Eclipse, and other entities, on several causes of actions relating to alleged misrepresentations regarding the hair removal and earnings capabilities of the system.

Originally, Ketter filed suit against six parties on seven causes of action and requested damages on several grounds, including loss of reputation and standing in the community. After filing answers, ESC and Eclipse filed separate motions for summary judgment. Ketter then filed a first amended original petition which named only ESC and Eclipse as defendants and narrowed the causes of action. The amended petition alleged the common-law causes of action of breach of contract, fraud, and fraudulent misrepresentation.

---

1. By "traditional," we mean a motion for summary judgment under rule of civil procedure 166a(c) instead of the more recent rule 166a(i).

Ketter also alleged under the Uniform Commercial Code (UCC) breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for particular purpose. *See* TEX. BUS. & COM.CODE ANN. §§ 2.313–.315 (Vernon 1994). Ketter also alleged violations of the DTPA of false, misleading, or deceptive acts or practices under the "laundry list" of section 17.46, unconscionable actions or courses of action, and breaches of warranties. *See* TEX. BUS. & COM.CODE ANN. §§ 17.46, .50(a)(1), (2) (Vernon 2002 & Supp.2004–05). The first amended original petition did not request damages for loss of reputation, and it omitted causes of action for conversion and products liability that had been pleaded in the original petition.

Without stating the specific grounds for its decision, the trial court granted the motions for summary judgment filed by ESC and Eclipse and ruled that Ketter take nothing on all his claims for relief.

## BREACH OF WARRANTY

■■■■ Before beginning discussion of Ketter's challenges to the motions for summary judgment, we will discuss the nature of the causes of action for breach of warranty. Ketter pleaded breach of express warranty and the implied warranties of merchantability and fitness for particular purpose, all as created by the UCC. Ketter also pleaded breach of these same warranties under the DTPA. As the supreme court has stated, "The DTPA prohibits the breach of an express or implied warranty, but it does not create warranties. The warranties, both express and implied, actionable under the DTPA must be recognized by the common law or created by statute." *Parkway Co. v. Woodruff,* 901 S.W.2d 434, 438 (Tex.1995) (citation omitted). ESC and Eclipse challenged the breach-of-warranty causes of action on the

ground that Ketter failed to give them notice of the breaches within a reasonable time as required by UCC section 2.607. *See* TEX. BUS. & COM.CODE ANN. § 2.607(c)(1). This requirement also applies to UCC breach-of-warranty claims prosecuted under the DTPA. *See U.S. Tire–Tech, Inc. v. Boeran, B.V.,* 110 S.W.3d 194, 198–202 (Tex.App.-Houston [1st Dist.] 2003, pet. denied) (on UCC breach-of-express-warranty claim pursued under DTPA, court rendered take-nothing judgment for failure to give notice of breach as required by section 2.607). ESC also challenges the implied warranty of merchantability on the ground that no evidence shows the EpiLight is not merchantable. The product's merchantability is a necessary part of the warranty and thus necessary to prove or disprove the warranty under both the UCC and the DTPA.

In this case, there is no relevant distinction between Ketter's UCC and DTPA breach-of-warranty claims or between how ESC and Eclipse defend against them. Accordingly, we will not distinguish between the UCC and DTPA in our discussion of the breach of warranty causes of action.

## SUMMARY JUDGMENT

■■■■ The standards for reviewing summary judgments are well established. *W. Inv., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex.2005). In a traditional motion for summary judgment under rule 166a(c), the movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *Id.* In reviewing a summary judgment, we consider the evidence in the light most favorable to the non-movant and resolve any doubt in the non-movant's favor. *Id.; Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In a no-evidence motion for summary judgment

under rule 166a(i), the movant asserts there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex.R. Civ. P. 166a(i); *W. Inv., Inc.,* 162 S.W.3d at 550. "Unless the respondent produces summary judgment evidence raising a genuine issue of material fact, the court must grant the motion." *W. Inv., Inc.,* 162 S.W.3d at 550. When the trial court's summary judgment does not specify the basis for the ruling, we must affirm the judgment if any of the summary judgment grounds are meritorious. *Id.* When the appeal does not challenge one of the grounds for summary judgment, the judgment may be affirmed on that ground alone. *Jones v. Hyman,* 107 S.W.3d 830, 832 (Tex.App.-Dallas 2003, no pet.).

## LOSS–OF–REPUTATION CLAIMS

■ Ketter's fourth issue includes the assertion that the trial court erred in granting summary judgment on his "loss of reputation claims." In his original petition, Ketter alleged his damages included "injury and damage to Plaintiffs' reputation and standing in the community." When he filed his first amended petition, however, he did not allege damage to his reputation and community standing.

When a party files an amended pleading, the earlier pleading "shall no longer be regarded as a part of the pleading in the record." Tex.R. Civ. P. 65. By not including damage to his reputation in the amended pleading, Ketter abandoned that claim. *Dolenz v. All Saints Episcopal Hosp.,* 638 S.W.2d 141, 142 (Tex.App.-Fort Worth 1982, writ ref'd n.r.e.). Because no claim for damage to reputation was before the court when it granted the motions for summary judgment, Ketter's argument that the trial court erred in granting summary judgment on that claim lacks merit. We overrule Ketter's fourth issue to the extent it concerns his "loss of reputation claims."

## NO–EVIDENCE MOTIONS

■ In his second issue, Ketter asserts the trial court erred in granting ESC's and Eclipse's no-evidence motions for summary judgment because, Ketter asserts, the motions did not specifically identify the elements of the causes of action that lacked evidentiary support. A no-evidence motion for summary judgment "must state the elements as to which there is no evidence." Tex.R. Civ. P. 166a(i). The motion must specifically state which elements of the non-movant's cause of action lack supporting evidence. *Thomas v. Omar Inv., Inc.,* 156 S.W.3d 681, 685 (Tex.App.-Dallas 2005, no pet.).

### Eclipse's No–Evidence Motion

■ Ketter challenges Eclipse's no-evidence motion on only the causes of action for fraud, fraudulent misrepresentation, and DTPA violation for false, misleading, or deceptive act or practice. Eclipse's no-evidence motion addressed Ketter's common-law fraud and fraudulent misrepresentation causes of action as follows:

> Defendant moves for summary judgment as to Plaintiffs' cause of action for common law fraud and fraudulent representation, and would show that there is no evidence that any representative of Defendant; made any material misrepresentation; that was false; that was either known to be false when made or was recklessly asserted without knowledge of its truth; that was intended to be acted upon; that was in fact acted upon and that caused injury to Plaintiffs. There is likewise no evidence that any reliance on the part of Plaintiffs was justified.

Eclipse's no evidence motion addressed Ketter's DTPA cause of action as follows:

Defendant moves for summary judgment as to Plaintiffs' DTPA claims, and would show that there is no evidence that Defendant engaged in any false, misleading, or deceptive acts or practices, or that any such acts or omissions caused harm to Plaintiffs.

■ Ketter argues that these grounds do not set forth the elements specifically challenged. We disagree. The ground as to common-law fraud and fraudulent misrepresentation identified the specific elements alleged to lack evidence. See Ernst & Young, LLP v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex.2001) (common-law fraud); Tex. Capital Sec., Inc. v. Sandefer, 58 S.W.3d 760, 772 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (fraudulent misrepresentation). Although the DTPA ground may be inadequate as to the allegation of no evidence of engaging in a "false, misleading, or deceptive act or practice" by not specifying the act or practice lacking evidence, it does specify causation as one of the necessary elements lacking evidence. See TEX. BUS. & COM.CODE ANN. § 17.50(a) (Vernon 2002) (elements of consumer's DTPA claim). Accordingly, we conclude Eclipse's motion for summary judgment is sufficiently specific under rule 166a(i) to support the summary judgment on the causes of action for common-law fraud, fraudulent misrepresentation, and DTPA violations involving false, misleading, or deceptive acts or practices. We overrule Ketter's second issue as to Eclipse.

On appeal, Ketter does not challenge Eclipse's no-evidence grounds for summary judgment on the causes of action for breach of contract and breach of express and implied warranties. Accordingly, we affirm the summary judgment in favor of

Eclipse on these causes of action. See Jones, 107 S.W.3d at 832. The only cause of action not addressed by Eclipse's no-evidence motion is violation of the DTPA through unconscionable action or course of action.

### ESC's No–Evidence Motion

■ Ketter argues that the no-evidence portion of ESC's motion for summary judgment consisted of only the following statement: "ESC is entitled to summary judgment because no evidence exists of one or more elements of Dr. Ketter's causes of action based on the Deceptive Trade Practices Act, breach of warranties, fraud, damage to reputation, fraudulent misrepresentation, products liability, and breach of contract."[2] That statement, however, is not the entirety of ESC's no-evidence allegations.

In arguing against Ketter's DTPA claims of false, misleading, or deceptive acts or practices, ESC's motion for summary judgment asserted, "There is no evidence that ESC misrepresented the EpiLight's capabilities." In arguing against the fraud and fraudulent misrepresentation allegations, ESC's motion asserts, "Dr. Ketter has not produced any evidence to establish that anyone at ESC knew that the marketing materials ESC published were false because those statements are consistent with the actual performance of the EpiLight device." In arguing against the breach-of-the-implied-warranty-of-merchantability causes of action, ESC's motion stated, "his [Ketter's] claims for breach of the implied warranty of merchantability must fail because he will be unable to demonstrate that the device was 'unmerchantable.' "

2. Products liability, like damage to reputation, was alleged in Ketter's original petition but not included in Ketter's first amended petition. ESC and Eclipse filed their motions for summary judgment before Ketter amended his petition.

These allegations identified the specific elements of the causes of action lacking evidence and put Ketter on notice that he must point out evidence that establishes a question of fact as to these specific elements. We overrule Ketter's second issue as to ESC.

## TRADITIONAL MOTIONS

### ESC's Traditional Motion

In the fourth issue, Ketter argues the trial court erred in granting the traditional motion for summary judgment on his causes of action for fraud, breach of express and implied warranties, and DTPA violations of false, misleading, or deceptive acts or practices [3] and unconscionable action or course of action. Ketter does not challenge the granting of the traditional summary judgment on his breach-of-contract or fraudulent misrepresentation causes of action.

As discussed above, Ketter failed to show the trial court erred in granting ESC's no-evidence motion for summary judgment on Ketter's causes of action for fraud, fraudulent misrepresentation, breach of the implied warranty of merchantability, and DTPA violations for false, misleading, or deceptive acts or practices; accordingly, we need not consider whether ESC's traditional motion for summary judgment was sufficient to dispose of those causes. *See W. Inv., Inc.,* 162 S.W.3d at 550. Accordingly, we consider only whether the traditional motion for summary judgment establishes ESC's entitlement to judgment as a matter of law on Ketter's causes of action for breach of express warranty and the implied warranty of fitness for particular purpose and whether the motion establishes ESC's entitlement to judgment as a matter of law on the cause of action for violation of the DTPA through unconscionable action or course of action.

### Breach of Warranty by ESC

 Having concluded Ketter has not shown the trial court erred in granting ESC's no-evidence motion for summary judgment on the implied warranty of merchantability, the breach-of-warranty causes of action remaining are those for breach of express warranty and breach of implied warranty of fitness for particular purpose. ESC moved for traditional summary judgment on the breach of warranty claims on the ground that Ketter failed to give it notice of the breach within a reasonable time as required by section 2.607 of the business and commerce code. That statute provides, "Where a tender has been accepted, the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy...." TEX. BUS. & COM.CODE ANN. § 2.607(c)(1) (Vernon 1994). Ordinarily, notice is a question of fact to be determined by the trier of fact. It becomes a matter of law only where there is no room for ordinary minds to differ about the proper conclusion to be drawn from the evidence. *Lochinvar Corp. v. Meyers,* 930 S.W.2d 182, 190 (Tex.App.-Dallas 1996, no writ).

In its motion for summary judgment, ESC asserts it first received notice on June 29, 2000, approximately two years and seven months after Ketter received the equipment. The motion also asserts Ketter "used the equipment extensively

---

**3.** As we interpret ESC's motion for summary judgment, the motion presented only a no-evidence ground for the cause of action for the DTPA violation of false, misleading, or deceptive acts or practices. However, even if the motion also included traditional grounds for this cause of action, ESC's success on the no-evidence ground requires us to affirm the summary judgment on that ground alone. *See W. Inv., Inc.,* 162 S.W.3d at 550.

[and] [h]e had ample opportunity to discover the alleged defects with the device." ESC cites a case holding that notice given three years, eleven months after discovery of the defect is unreasonable as a matter of law. *Southerland v. N.E. Datsun, Inc.,* 659 S.W.2d 889, 892–93 (Tex.App.-El Paso 1983, no writ).[4] However, ESC does not establish when Ketter discovered the breach, and ESC does not explain why the period between Ketter's discovery of the breach and his giving notice was unreasonable as a matter of law. We conclude ESC failed to establish as a matter of law that untimely notice barred Ketter's causes of action for breach of express warranty and breach of implied warranty of fitness for particular purpose.

 Lack of reasonable notice was the only ground for summary judgment

**4.** The other cases ESC cites involve determinations by a trier of fact, not a conclusion of law, of whether the notice was reasonable. *See EPN–Delaval, S.A. v. Inter–Equip, Inc.,* 542 F.Supp. 238 (S.D.Tex.1982); *Lochinvar,* 930 S.W.2d at 189; *Wilcox v. Hillcrest Mem. Park,* 696 S.W.2d 423, 425 (Tex.App.-Dallas 1985), *writ ref'd n.r.e.,* 701 S.W.2d 842 (Tex. 1986) (per curiam). They do not show the notice in this case was unreasonable as a matter of law.

**5.** In its brief on appeal, ESC asserts it established as a matter of law that it did not breach the express warranty. This ground was not presented in ESC's motion for summary judgment, and it may not be used to support the granting of the motion for summary judgment. *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 204 (Tex.2002); *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993).

**6.** Before September 1, 1995, the DTPA defined "Unconscionable action or course of action" as follows:
"Unconscionable action or course of action" means an act or practice which, to a person's detriment:
(A) takes advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree; or

brought by ESC on Ketter's breach of warranty causes.[5] Because that ground did not support summary judgment on that cause of action, we conclude the trial court erred in granting ESC's motion for summary judgment on it.

*Unconscionable Action or Course of Action*

 The DTPA defines "unconscionable action or course of action" as "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." Tex. Bus. & Com.Code Ann. § 17.45(5) (Vernon 2002).[6] In the live petition, Ketter alleged unconscionable action or course of action in the following paragraph:

(B) results in a gross disparity between the value received and consideration paid, in a transaction involving transfer of consideration.

Act of May 10, 1977, 65th Leg., R.S., ch. 216, § 1, 1977 Tex. Gen. Laws 600, 600 (amended 1995). In 1995, the definition was amended to its current form, omitting paragraph (B). Act of May 19, 1995, 74th Leg., R.S., ch. 413, § 2, 1995 Tex. Gen. Laws 2988, 2989. Although "gross disparity between the value received and consideration paid" is no longer part of the statutory definition, it may be evidence of an unconscionable action or course of action as defined in the current definition. *Cf. Ski River Dev., Inc. v. McCalla,* 167 S.W.3d 121, 136 (Tex.App.-Waco 2005, no pet.) (considering whether there was "gross disparity in the values exchanged" in determining whether contract was unenforceable as unconscionable). The parties do not discuss this issue, but they appear to accept that unconscionable action or course of action may be proven through evidence of gross disparity. Accordingly, for purposes of this opinion, we will presume that unconscionable action may be proven through evidence of gross disparity between the value received and the consideration paid.

In the sale of the EpiLight to Plaintiffs, Defendants engaged in an unconscionable action or course of action by representing that the EpiLight and/or warranties were of the best quality. By such conduct, Defendants took advantage of the lack of knowledge, ability, experience or capacity of the Plaintiffs to a grossly unfair degree. The conduct of the Defendants resulted in a gross disparity between the value received and the consideration paid.

■ ESC's traditional motion for summary judgment on this cause of action first asserts, "as a physician with years of advanced education and years of practice, Dr. Ketter cannot contend that ESC took advantage of his lack of knowledge, ability, and experience to a grossly unfair degree." ESC cited no authority for this proposition. We decline to hold that an unconscionable action or course of action cannot be practiced upon an experienced physician.

■ The motion for summary judgment also argued,

Dr. Ketter cannot base his DTPA claim on an alleged gross disparity between the value received and the consideration paid because to be actionable under DTPA § 17.45(5)(A), the resulting unfairness must be "glaringly noticeable, flagrant, complete and unmitigated." *Chastain v. Koonce,* 700 S.W.2d 579, 584 (Tex.1985) (defining the term "grossly unfair"). Here Dr. Ketter received a device that by his own admission was successful at clearing an average of 90% of his patients' hair.

This argument does not address Ketter's testimony that the EpiLight did not remove hair permanently, as he had been told, which necessitated him giving free additional treatments and refunding fees. Thus, the traditional motion did not establish as a matter of law that there was not a gross disparity between the value received and the consideration paid, and Ketter's affidavit creates a material fact question on this issue.

We sustain Ketter's fourth issue as to ESC on Ketter's causes of action for breach of express warranty, breach of the implied warranty of fitness for particular purpose, and the DTPA violation of unconscionable action or course of action. We overrule the issue as to the other causes of action.

### Eclipse's Traditional Motion

In the first issue, Ketter asserts the trial court erred in granting Eclipse's traditional motion for summary judgment because it merely incorporated by reference ESC's traditional motion for summary judgment. As discussed above, the only cause of action against Eclipse remaining after resolution of Eclipse's no-evidence motion for summary judgment is the cause of action for the DTPA violation of unconscionable act or course of action. Accordingly, we limit our analysis of Eclipse's traditional motion for summary judgment to that cause of action.

The traditional portion of Eclipse's motion consisted of the statement that it "adopts and incorporates by reference in its entirety" ESC's motion for summary judgment and "adopts and incorporates by reference all legal arguments and evidence in support of those arguments, to the extent that same apply equally to Defendant Eclipse Medical, Inc." Ketter argues this portion of the motion fails to set forth any grounds for summary judgment as required by rule 166a(c). *See* Tex.R. Civ. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."); *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341–44 (Tex.1993); *Camden Mach. & Tool, Inc. v.*

*Cascade Co.,* 870 S.W.2d 304, 310 (Tex. App.-Fort Worth 1993, no writ). Eclipse argues the supreme court has implicitly held that a defendant may incorporate by reference the motion for summary judgment of a co-defendant. *See Chapman v. King Ranch, Inc.,* 41 S.W.3d 693, 699–700 (Tex.App.-Corpus Christi 2001), *rev'd on other grounds,* 118 S.W.3d 742 (Tex.2003) (supreme court rendered judgment that plaintiffs take nothing against defendants who had moved for summary judgment, almost all of whom had incorporated by reference the motion for summary judgment of a single defendant).

■ However, we need not decide in this case whether incorporation of a co-defendant's summary judgment motion is permissible because the outcome is the same. If incorporation is not permissible, then we must reverse the granting of the motion for summary judgment on the cause of action for the DTPA violation of unconscionable action or course of action because the grounds expressly presented in Eclipse's motion do not address that cause of action. *See Ken Petroleum Corp. v. Questor Drilling Corp.,* 24 S.W.3d 344, 357 (Tex.2000); *Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993); *EOG Res., Inc. v. Wall,* 160 S.W.3d 130, 139 (Tex.App.-Tyler 2005, no pet.). However, if incorporation is permissible, then we must sustain the fourth issue in part as to Eclipse and reverse the summary judgment on the DTPA violation of unconscionable action or course of action because, as explained above, ESC's traditional motion for summary judgment failed to establish the entitlement to judgment as a matter of law on that cause of action. Because Ketter's first issue is not "necessary to final disposition of the appeal," we need not resolve it. Tex.R.App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). We hold the trial court erred in granting Eclipse's motion for summary judgment on the cause of action for the DTPA violation of unconscionable action or course of action.

## EVIDENCE

■ In the third issue, Ketter asserts the "affidavit" of Laurie Sharp is fundamentally defective because it lacks a jurat. We have reviewed the document, and we conclude that none of the statements in it are relevant to determination of the issues before us. Because consideration of the document is not necessary to disposition of the appeal, we do not reach this issue. *See* Tex.R.App. P. 47.1.

## CONCLUSION

We reverse the trial court's judgment in part and remand for further proceedings on Ketter's causes of action against ESC for breach of express warranty, breach of implied warranty of fitness for particular purpose, and the DTPA violation of unconscionable action or course of action. We reverse the trial court's judgment and remand for further proceedings the cause of action against Eclipse for the DTPA violation of unconscionable action or course of action. In all other respects, we affirm the trial court's judgment.