NO. 12-11-00054-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ROBERT F. CALDWELL,                           §                      APPEAL
FROM THE 7TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT 

                                                                        

114TH DISTRICT COURT,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS







MEMORANDUM
OPINION

Robert
F. Caldwell, an inmate in the Texas Department of Criminal
Justice-Institutional Division (TDCJ), proceeding pro se, filed an in
forma pauperis suit against the 114th District Court of Smith County,
Texas.  Caldwell now appeals the trial court’s order dismissing his suit.  Caldwell
raises two issues on appeal.  We affirm.

 

Background

In
the 1990s, Caldwell was charged with aggravated assault with a deadly weapon. 
Pursuant to a plea bargain agreement, Caldwell pleaded “guilty” as charged and
pleaded “true” to the enhancement allegations that he used a deadly weapon and
had been previously convicted of two felonies.  The trial court deferred
finding Caldwell “guilty” and placed him on deferred adjudication community
supervision for ten years.  

In
2000, the State filed an application to proceed to final adjudication.  The
trial court granted the State’s application, revoked Caldwell’s community
supervision, and sentenced him to imprisonment for twenty-five years.  Caldwell
appealed the trial court’s sentence, and this court dismissed his appeal for
want of jurisdiction on July 25, 2001.

On
September 2, 2010, while incarcerated, Caldwell filed an in forma pauperis
suit against the 114th District Court of Smith County, Texas, in a document
entitled “Complaint for the Denial of a [sic] Civil Rights Violations.”  By his
suit, Caldwell alleged that he could recover under the Texas Tort Claims Act[1]
because the 114th District Court relied on a void indictment to “vindictively”
prosecute him in violation of the Texas Constitution.  

On
November 3, 2010, without conducting a hearing, the trial court found that,
among other things, Caldwell’s suit was “frivolous” and dismissed it.  This
appeal followed.

 

Dismissal Pursuant to Texas Civil Practice and
Remedies Code Chapter 14

            In
his first issue, Caldwell argues that the trial court erred and abused its
discretion when it dismissed his suit because his claims have an arguable basis
in law and fact under the Texas Tort Claims Act.

Standard
of Review and Governing Law

We
review the trial court’s dismissal of an in forma pauperis suit under an
abuse of discretion standard.  Hickson v. Moya, 926 S.W.2d 397,
398 (Tex. App.–Waco 1996, no writ).  A trial court abuses its discretion if it acts
arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex.
App.–Houston [1st Dist.] 1998, no pet.).  We will affirm a dismissal if it was
proper under any legal theory.  Johnson v. Lynaugh, 796 S.W.2d
705, 706–07 (Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810
(Tex. App.–Waco 1991, writ denied).  The trial courts are given broad
discretion to determine whether a case should be dismissed because (1)
prisoners have a strong incentive to litigate; (2) the government bears the
cost of an in forma pauperis suit; (3) sanctions are not effective; and
(4) the dismissal of unmeritorious claims accrue to the benefit of state
officials, courts, and meritorious claimants.  See Montana v. Patterson,
894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

Chapter
14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate when the inmate files an affidavit or unsworn declaration of inability
to pay costs.[2]  Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon
2002); Hickson, 926 S.W.2d at 398.  The inmate must comply with
the procedural requirements set forth in Chapter 14.  Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002(a), 14.004,
14.005 (Vernon 2002).  Failure to fulfill those procedural requirements will
result in the dismissal of an inmate’s suit.  See id. § 14.003
(Vernon 2002); Brewer v. Simental, 268 S.W.3d 763 (Tex. App.–Waco
2008, no pet.) (citing Bell v. Texas Dep’t of Crim. Justice-Institutional
Div., 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet.
denied)).

Among
these procedural requirements is the directive that the inmate file an
affidavit or declaration identifying each suit he has previously brought, other
than a suit under the Texas Family Code, in which he was not represented by an
attorney, without regard to whether he was an inmate at the time the suit was
brought.  See Tex. Civ. Prac.
& Rem. Code Ann. § 14.004(a).  For each suit, the inmate must state
the operative facts for which relief was sought, set forth the case name, cause
number, and the court in which the suit was brought, identify each party named
in the suit, and state the result of the suit.  Id.  Dismissal is
also proper if the inmate filed an affidavit or unsworn declaration that the
inmate knew was false.  Id. § 14.003(a)(1).

Additionally,
filing a claim that is frivolous or malicious will result in the dismissal of
an inmate’s suit.  See id. § 14.003(a)(2).  To determine whether
a claim is frivolous or malicious, one factor we consider is whether the claim
has no arguable basis in law or in fact.  See id.
§ 14.003(b). 

Discussion

            In
the case at hand, Caldwell failed to comply with at least one of the procedural
requirements of Chapter 14.  Caldwell’s affidavit of previous litigation
states, in pertinent part, “I’ve no previous litigation history in this said
Court.”  However, Chapter 14 requires full disclosure of all previous cases
brought by the inmate, and the inmate must identify the court in which each such
suit was filed.  See id. § 14.004(a).  By limiting his description
to cases previously filed in only one court, Caldwell failed to comply with the
requirements of Chapter 14.  See id.  Thus, we hold that the
trial court properly dismissed his suit.

            Yet,
even had Caldwell complied with the requirements of subsection 14.004(a), the
outcome would not differ.  The foundation of Caldwell’s claims is that he was
wrongfully found guilty of aggravated assault with a deadly weapon.  But any
attempt by Caldwell to establish that he was wrongfully found guilty constitutes
an impermissible collateral attack on a criminal judgment.  See Jones
v. Hyman, 107 S.W.3d 830, 832 (Tex. App.—Dallas 2003, no pet.). 
Therefore, Caldwell’s claims fail as a matter of law and were appropriately dismissed
by the trial court.  See id.; Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b).

Caldwell’s
first issue is overruled.

 

Hearing

            In
his second issue, Caldwell argues that the trial court erred and abused its
discretion when it failed to conduct a hearing before dismissing his suit.  In
determining whether a case should be dismissed pursuant to Chapter 14, a trial
court may hold a hearing.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(c).  The plain language of the
statute indicates that a trial court’s determination to hold a hearing is
discretionary.  See id.; Hamilton v. Pechacek,
319 S.W.3d 801, 808 (Tex. App.—Fort Worth 2010, no pet.).  An inmate bringing a
claim pursuant to Chapter 14 has no right to a hearing to determine whether his
case should be dismissed.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(c); Hamilton, 319
S.W.3d at 808.  Therefore, we hold that the trial court did not abuse its
discretion when it dismissed Caldwell’s suit without conducting a hearing.  Caldwell’s
second issue is overruled. 

 

Disposition

            Having
overruled Caldwell’s first and second issues, we affirm the trial
court’s judgment.

 

                                                                                    Brian Hoyle

                                                                                          
Justice

 

 

Opinion delivered July 29, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









[1] See Tex.
Civ. Prac. & Rem. Code Ann.
§§ 101.001–.109 (Vernon 2011). 

 





[2] Chapter 14 does not apply to an
action brought under the Texas Family Code.  Tex.
Civ. Prac. & Rem. Code Ann. 14.002(b) (Vernon 2002).