# NO. 12-11-00054-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT F. CALDWELL,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *114TH DISTRICT COURT,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Robert F. Caldwell, an inmate in the Texas Department of Criminal Justice-Institutional Division (TDCJ), proceeding pro se*,* filed an *in forma pauperis* suit against the 114th District Court of Smith County, Texas. Caldwell now appeals the trial court's order dismissing his suit. Caldwell raises two issues on appeal. We affirm.

## BACKGROUND

In the 1990s, Caldwell was charged with aggravated assault with a deadly weapon. Pursuant to a plea bargain agreement, Caldwell pleaded "guilty" as charged and pleaded "true" to the enhancement allegations that he used a deadly weapon and had been previously convicted of two felonies. The trial court deferred finding Caldwell "guilty" and placed him on deferred adjudication community supervision for ten years.

In 2000, the State filed an application to proceed to final adjudication. The trial court granted the State's application, revoked Caldwell's community supervision, and sentenced him to imprisonment for twenty-five years. Caldwell appealed the trial court's sentence, and this court dismissed his appeal for want of jurisdiction on July 25, 2001.

On September 2, 2010, while incarcerated, Caldwell filed an *in forma pauperis* suit against the 114th District Court of Smith County, Texas, in a document entitled "Complaint for

the Denial of a [sic] Civil Rights Violations." By his suit, Caldwell alleged that he could recover under the Texas Tort Claims Act[1] because the 114th District Court relied on a void indictment to "vindictively" prosecute him in violation of the Texas Constitution.

On November 3, 2010, without conducting a hearing, the trial court found that, among other things, Caldwell's suit was "frivolous" and dismissed it. This appeal followed.

## DISMISSAL PURSUANT TO TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 14

In his first issue, Caldwell argues that the trial court erred and abused its discretion when it dismissed his suit because his claims have an arguable basis in law and fact under the Texas Tort Claims Act.

### Standard of Review and Governing Law

We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an inmate when the inmate files an affidavit or unsworn declaration of inability to pay costs.[2] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); *Hickson*, 926 S.W.2d at 398. The inmate must comply with the procedural requirements set forth in Chapter 14. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (Vernon 2002). Failure to fulfill those

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109 (Vernon 2011).

[2] Chapter 14 does not apply to an action brought under the Texas Family Code. TEX. CIV. PRAC. & REM. CODE ANN. 14.002(b) (Vernon 2002).

procedural requirements will result in the dismissal of an inmate's suit. *See id.* § 14.003 (Vernon 2002); ***Brewer v. Simental***, 268 S.W.3d 763 (Tex. App.–Waco 2008, no pet.) (citing ***Bell v. Texas Dep't of Crim. Justice-Institutional Div.***, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied)).

Among these procedural requirements is the directive that the inmate file an affidavit or declaration identifying each suit he has previously brought, other than a suit under the Texas Family Code, in which he was not represented by an attorney, without regard to whether he was an inmate at the time the suit was brought. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a). For each suit, the inmate must state the operative facts for which relief was sought, set forth the case name, cause number, and the court in which the suit was brought, identify each party named in the suit, and state the result of the suit. *Id.* Dismissal is also proper if the inmate filed an affidavit or unsworn declaration that the inmate knew was false. *Id.* § 14.003(a)(1).

Additionally, filing a claim that is frivolous or malicious will result in the dismissal of an inmate's suit. *See id.* § 14.003(a)(2). To determine whether a claim is frivolous or malicious, one factor we consider is whether the claim has no arguable basis in law or in fact. *See id.* § 14.003(b).

## Discussion

In the case at hand, Caldwell failed to comply with at least one of the procedural requirements of Chapter 14. Caldwell's affidavit of previous litigation states, in pertinent part, "I've no previous litigation history in this said Court." However, Chapter 14 requires full disclosure of all previous cases brought by the inmate, and the inmate must identify the court in which each such suit was filed. *See id.* § 14.004(a). By limiting his description to cases previously filed in only one court, Caldwell failed to comply with the requirements of Chapter 14. *See id.* Thus, we hold that the trial court properly dismissed his suit.

Yet, even had Caldwell complied with the requirements of subsection 14.004(a), the outcome would not differ. The foundation of Caldwell's claims is that he was wrongfully found guilty of aggravated assault with a deadly weapon. But any attempt by Caldwell to establish that he was wrongfully found guilty constitutes an impermissible collateral attack on a criminal judgment. *See **Jones v. Hyman***, 107 S.W.3d 830, 832 (Tex. App.—Dallas 2003, no pet.). Therefore, Caldwell's claims fail as a matter of law and were appropriately dismissed by the trial court. *See id.*; TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b).

Caldwell's first issue is overruled.


## HEARING

In his second issue, Caldwell argues that the trial court erred and abused its discretion when it failed to conduct a hearing before dismissing his suit. In determining whether a case should be dismissed pursuant to Chapter 14, a trial court may hold a hearing. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c). The plain language of the statute indicates that a trial court's determination to hold a hearing is discretionary. *See id.*; ***Hamilton v. Pechacek***, 319 S.W.3d 801, 808 (Tex. App.—Fort Worth 2010, no pet.). An inmate bringing a claim pursuant to Chapter 14 has no right to a hearing to determine whether his case should be dismissed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c); ***Hamilton***, 319 S.W.3d at 808. Therefore, we hold that the trial court did not abuse its discretion when it dismissed Caldwell's suit without conducting a hearing. Caldwell's second issue is overruled.


## DISPOSITION

Having overruled Caldwell's first and second issues, we ***affirm*** the trial court's judgment.


### BRIAN HOYLE
Justice


Opinion delivered July 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)