

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 7, 2012

The Honorable Aaron Peña
Chair, Committee on Technology
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0921

Re: Whether a member of the State Committee of Examiners in the Fitting and Dispensing of Hearing Instruments may sell hearing instruments at retail as part of his practice of otolaryngology (RQ-0984-GA)

Dear Representative Peña:

You ask whether the "medical doctor member of the State Committee of Examiners in the Fitting and Dispensing of Hearing Instruments may sell hearing instruments at retail as a part of his or her practice of otolaryngology without running afoul of the prohibition in section 402.053(d) [of the Texas Occupations Code]."[1] The State Committee of Examiners in the Fitting and Dispensing of Hearing Instruments ("Committee") assists the Texas Department of Health in administering, coordinating, and enforcing the Occupations Code provisions governing the fitting and dispensing of hearing instruments. *See* TEX. OCC. CODE ANN. §§ 402.101 (West Supp. 2011) (providing for general powers and duties of the Committee), 402.001(2), (5) (defining "Committee" and "hearing instrument"), 402.003 (providing for applicability of chapter 402). The Committee consists of nine members, most of whom must come from the hearing and fitting of hearing instruments profession. *See id.* § 402.051(a)(1) (providing that six members must be "engaged in fitting and dispensing hearing instruments" for a specified time period). Chapter 402 specifies that one member must be a person who "actively practic[es] as a physician licensed by the Texas State Board of Medical Examiners" and, along with meeting residency and citizenship requirements, "specializes in the practice of otolaryngology."[2] *Id.* § 402.051(a)(2).

Chapter 402 imposes restrictions on the makeup of the Committee. Subsection 402.053(d) provides that the practicing physician member "may not have a financial interest in a hearing instrument manufacturing company or in a wholesale or retail hearing instrument company." *Id.*

---

[1]Letter from Honorable Aaron Peña, Chair, House Comm. on Technology, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (July 11, 2011), https://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]The medical practice of otolaryngology involves the treatment of ear, nose, and throat conditions. *See Ketter v. ESC Med. Sys., Inc.*, 169 S.W.3d 791, 795 (Tex. App.—Dallas 2005, no pet.).

§ 402.053(d) (applying to a "committee member appointed under Section 402.051(a)(2)"); *see id.* § 402.051(a)(2) (providing for membership by an actively practicing physician).  You ask whether subsection 402.053(d) prohibits a medical doctor who "sell[s] hearing instruments as a part of his or her practice of otolaryngology" from serving on the Committee.  Request Letter at 2.  You do not suggest that a hearing instrument manufacturing company is involved or that the hearing instruments are being sold wholesale; thus, we consider only whether the retail sale of hearing instruments by a doctor's office results in the doctor having a "financial interest in a . . . retail hearing instrument company."  *Id.*

The primary goal in construing statutes is to ascertain and effectuate the Legislature's intent.  *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009).  Courts begin with the statute's plain language as the surest guide to that intent.  *See Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010); *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009) ("Where text is clear, text is determinative of that intent.").  And courts give undefined words their plain and common meaning.  *See City of Waco v. Kelley*, 309 S.W.3d 536, 542 (Tex. 2010); TEX. GOV'T CODE ANN. § 311.011(a) (West 2005) ("Words and phrases shall be . . . construed according to the rules of grammar and common usage.").

Chapter 402 defines only one term in the statutory phrase at issue.  *See generally* TEX. OCC. CODE ANN. § 402.001 (West Supp. 2011) ("Definitions").  A "hearing instrument" means "any wearable instrument or device designed for, or represented as, aiding, improving, or correcting defective human hearing.  The term includes the instrument's parts and any attachment, including an earmold, or accessory to the instrument" and does not include a battery or cord.  *Id.* § 402.001(5).  Though the term "financial interest" is undefined in chapter 402, this office has previously considered its meaning for purposes of this section.  *See* Tex. Att'y Gen. Op. No. DM-18 (1991) at 2 (citing BLACK'S LAW DICTIONARY 568 (5th ed. 1979)) (addressing question about a "financial interest" under section 402.053's statutory predecessor and concluding that a financial interest encompasses employment).  Opinion DM-18 defined "financial interest" to mean "an interest equated with money or its equivalent."  *Id.* (concluding that a financial interest encompasses employment).  A doctor plainly has a financial interest in his or her medical practice.

Neither the Legislature nor Texas courts have provided any definitions or other guidance on the meanings of the terms "retail" and "company" as used in subsection 402.053(d).  Both terms are broad, general terms capable of a variety of meanings in this context.  The phrase "retail hearing instrument company" could, for example, be interpreted narrowly to include only businesses whose primary pursuit is the retail sale of hearing instruments.  It could also be interpreted more broadly to include any business that ever sells a hearing instrument at retail.  Absent any meaningful guidance from the Legislature or Texas courts on the meaning of "retail hearing instrument company," we are unable to definitively discern the Legislature's intent with respect to the scope of subsection 402.053(d).

Moreover, as the administrative agency given regulatory authority over the fitting and dispensing of hearing aids, the Committee is in the best position to determine the meaning of a

provision pertaining to the qualifications of a potential Committee member. *See generally Sw. Bell Telephone Co. v. Pub. Util. Comm'n*, 863 S.W.2d 754, 758 (Tex. App.—Austin 1993, writ denied) (recognizing that the Public Utility Commission is in the best position to evaluate rate issues raised under agency's regulations). Generally, "[w]hen an administrative agency is created to centralize expertise in a certain regulatory area, it is to be given a large degree of latitude in the methods it uses to accomplish its regulatory function." *State v. Pub. Util. Comm'n.*, 883 S.W.2d 190, 197 (Tex. 1994). Courts, therefore, give serious consideration to an agency's interpretation of its enabling statute, so long as the interpretation does not contradict the plain language of the statute. *See R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). Here, the Committee is expressly authorized to administer and enforce chapter 402. *See* TEX. OCC. CODE ANN. § 402.101(1) (West Supp. 2011). The Committee is also authorized to adopt rules for the performance of the Committee's duties. *See id.* § 402.102. Further, chapter 402 provides for the removal of a member of the Committee, suggesting that the Legislature intended the Committee to oversee matters related to the qualifications of its members. *See id.* § 402.056(a)(1), (c). We believe the Committee is authorized to determine the scope of the meaning of the prohibition in subsection 402.053(d), provided that the Committee's interpretation does not contradict the plain language of the statute.

## S U M M A R Y

 Subsection 402.053(d) of the Occupations Code prohibits the doctor member of the State Committee of the Examiners in the Fitting and Dispensing of Hearing Instruments from having a financial interest in a retail hearing instrument company. Absent statutory definitions of appropriate terms or other meaningful guidance from the Legislature or Texas courts on the meaning of the phrase "retail hearing instrument company," we cannot definitively determine the scope of that phrase. As the administrative agency that oversees the regulation of hearing instruments, the Committee is authorized to determine the scope of the meaning of the prohibition in subsection 402.053(d).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee