

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00318-CV

———————————————

DAVID SMITH, Appellant

V.

KIRCHEN APPRAISAL COMPANY, Appellee

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 18-1 0707-393

Before Kerr, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant David Smith appeals from the trial court's summary judgment dismissing his claims for negligent misrepresentation and for violating the Deceptive Trade Practices Act (the DTPA) against appellee Kirchen Appraisal Company, arising out of Kirchen Appraisal's alleged misappraisal of the square footage of a home that Smith bought, renovated, and later sold. Because Smith has failed to attack all standalone bases upon which the summary judgment could have been granted, we affirm.

## I.  BACKGROUND

Smith bought a house for $205,000 with the intention to repair it and sell it at a profit. To finance the flip, Smith got a loan from Wildcat Lending Fund One, LP. Wildcat hired appellee Kirchen Appraisal to appraise the property for its after-repair market value. John Kirchen, the appraiser, estimated that the house was 1,897 square feet and that the after-repaired value would be $274,500. Smith renovated the property and sold it for $275,000, which was his listed price. During the appraisal for the sale, the square footage of the house was calculated to be 1,610 and its value was estimated to be $270,000.

Smith sued Kirchen Appraisal for negligent misrepresentation and for violating the DTPA. Kirchen Appraisal moved for a no-evidence and traditional summary judgment, arguing that Smith had no evidence of damages; he was not an intended user of Kirchen's appraisal and, thus, could not maintain a negligent-

2

misrepresentation claim; he was not a consumer under the DTPA; and Kirchen Appraisal provided a professional service, which is exempt from DTPA liability. The trial court granted Kirchen Appraisal's motion without specifying the grounds upon which the ruling was based.

## II. REVIEW OF SUMMARY JUDGMENT

In his original brief, Smith raised two appellate issues: (1) the summary judgment was in error because a real-estate appraiser is not a professional for purposes of the DTPA and (2) the summary judgment was in error because determining square footage is not a professional service under the DTPA because it does not require specialized knowledge or training. *See* Tex. Bus. & Com. Code Ann. § 17.49(c). His supporting arguments were similarly limited to whether the DTPA's liability exemption for professional services applied to Kirchen's appraisal.

Kirchen Appraisal argued in its brief that because Smith failed to raise a broad issue challenging the trial court's summary judgment in general and failed to substantively attack all possible grounds upon which the summary judgment could have been based, the summary judgment must be affirmed on these unchallenged grounds. As a result, Smith sought leave to file an amended appellate brief, which we granted.

In his amended brief, Smith raised three issues: (1) the trial court erred by granting summary judgment in favor of Kirchen Appraisal; (2) the trial court erred because a real-estate appraiser is not a professional under the DTPA; and (3) the trial

3

court erred because determining square footage does not require specialized knowledge or training and, thus, is not an exempt professional service under the DTPA. But, again, Smith limited his substantive arguments to his DTPA claim and whether Kirchen performed a professional service when he determined the house's square footage. In fact, the argument portion of his first issue—his attack on the summary judgment in general—merely restates the rule allowing such a general issue.

First, Smith wholly fails to argue that the summary judgment as to his negligent-misrepresentation claim was in error. His substantive argument solely addresses his DTPA claim. Accordingly, we must affirm the trial court's dismissal of this claim because it is unchallenged. *See Little v. Delta Steel, Inc.*, 409 S.W.3d 704, 722–23 (Tex. App.—Fort Worth 2013, no pet.); *Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 206 (Tex. App.—Dallas 2005, no pet.).

Second, Smith does not challenge each ground upon which the summary judgment of his DTPA claim could have been based. When challenging a summary judgment, an appellant may simply raise a single broad appellate point: "The trial court erred in granting the motion for summary judgment." *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) (capitalization omitted). However, an appellant raising a *Malooly* issue must go a step further and substantively attack each basis upon which the summary judgment could have been granted. *See Rollins v. Denton Cnty.*, No. 02-14-00312-CV, 2015 WL 7817357, at *2 (Tex. App.—Fort Worth Dec. 3, 2015, no pet.) (mem. op.); *Ketter v. ESC Med. Sys., Inc.*, 169 S.W.3d 791, 797

4

(Tex. App.—Dallas 2005, no pet.); *Nabors Corporate Servs. v. Northfield Ins. Co.*, 132 S.W.3d 90, 95 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also* Judge Adele Hedges & Lynne Liberato, *Texas Practice Guide: Civil Appeals* § 11:39 (2020) ("Using the general issue does not obviate the need to challenge every ground presented in the motion for summary judgment.").

Here, Smith raised a *Malooly* issue; however, he substantively attacked only one of the grounds that the DTPA summary judgment could have been based on— Kirchen Appraisal was exempt from DTPA liability because it had provided a professional service. Smith directs none of his substantive arguments to Kirchen Appraisal's summary-judgment grounds that Smith had no evidence of damages and was not a consumer under the DTPA as a matter of law. Either of these standalone, unchallenged grounds could have supported the trial court's DTPA summary judgment; thus, the summary judgment must be upheld based on these unchallenged grounds regardless of their merits. *See Malooly*, 461 S.W.2d at 121; *Emmert v. Wilmington Sav. Fund Soc'y*, No. 02-20-00012-CV, 2021 WL 733301, at *3 (Tex. App.— Fort Worth Feb. 25, 2021, pet. filed) (mem. op.); *Rollins*, 2015 WL 7817357, at *2; *Ketter*, 169 S.W.3d at 797.

### III. CONCLUSION

Smith's failure to substantively challenge each standalone summary-judgment ground Kirchen Appraisal raised in the trial court directed to Smith's DTPA claim waives any argument against the propriety of the trial court's DTPA summary

judgment. Further, Smith fails to raise any substantive argument directed to the negligent-misrepresentation summary judgment. For these reasons, we overrule Smith's appellate issues and affirm the trial court's final judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered: May 20, 2021