OPINION
 

 RICHARD BARAJAS, Chief Justice.
 

 This is an appeal from the trial court’s granting of a summary judgment against Appellant related to a division of property in a prior divorce. For the reasons stated herein, we affirm.
 

 I.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 

 The substantive facts in this case are not disputed. Appellant, Mark W. Woodside, and Appellee, Cathy K. Woodside
 
 [1]
 
 were divorced in 1999. Incidental to the divorce, the court divided the community estate of the parties and entered a decree of divorce on December 23, 1999. Though the decree itself is not included in the appellate record, the parties do not dispute the disposition of the property contained therein. Among other things, the trial court awarded the primary residence of the property to the Appellee and provided that upon its sale, the Appellant would be obligated to execute a promissory note payable to Appellee, in the amount of four hundred thousand dollars. Appellant was also obligated to make monthly payments to discharge his obligations under the note.
 

 Appellant did not execute the promissory note under the decree and did not make any of the payments under the note as required. In March of 2000, Appellee filed a Motion for Enforcement of the Divorce Decree in state court. On March 18, 2000, Appellant and his company filed for Chapter 11 Bankruptcy protection. On November 13, 2001 the state court issued a letter ruling granting the Motion for Enforcement and awarding Appellee certain fees. Appellee filed an adversary proceeding in the Bankruptcy Court entitled Complaint to Determine Right to Discharge and Dis-chargeability of Debts and seeking to designate the money owed to her by Appellant as “nondischargeable.” On July 23, 2002, the Bankruptcy Court conducted a trial to determine the dischargeability of the debt. On August 16, 2002 the Bankruptcy Court issued a Final Judgment ruling that the payments owed by Appellant were not dis-chargeable.
 

 Appellant appealed that ruling to the United States District Court for the Western District of Texas and the Honorable Royal Furgeson affirmed the Final Judgment and Findings of Fact and Conclusion of Law of the United States Bankruptcy Court on January 6, 2003. Appellant attempted to appeal that decision to the 5th Circuit Court of Appeals but said appeal was dismissed on June 3, 2003 for want of prosecution because of Appellant’s failure to file a record and a sufficient brief.
 

 On March 13, 2003 Appellee filed a Motion for Partial Summary Judgment seeking judgment against Appellant on the obligations related to the $400,000 promissory note. Appellee’s motion was scheduled for submission on May 6, 2003. Appellant’s response was due on April 30, 2003. On April 30, 2003 Appellant filed a Motion for Continuance which was denied by the trial court. Thereafter, Appellant filed an untimely response to the Appel-lee’s Motion for Summary Judgment on May 5, 2003. The trial court entered an Order Granting Plaintiffs Motion for Partial Summary Judgment on May 12, 2003 granting judgment in favor of Appellee against Appellant for the $400,000 promissory note, $57,625.98 as the interest due under the promissory note, attorney’s fees to be determined, costs of court, and post-judgment interest.
 

 
 *676
 
 On March 19, 2003 Appellee filed a motion for Entry of Final Judgment which requested that the court enter a final judgment in the case. The court finalized the Order of May 12, 2003 in a Final Judgment filed May 28, 2003 and awarded attorney’s fees in favor of Appellee Cathy Kinslow.
 

 Appellant filed a notice of appeal on June 5, 2003.
 

 II.
 
 DISCUSSION
 

 In two issues on appeal, Appellant challenges the court’s granting of the Appel-lees’ motion for summary judgment. In a compound and virtually indecipherable argument, issue number one attempts to complain of the trial court’s granting of the motion for partial summary judgment because of a letter ruling of the trial court issued November 13, 2001 in response to Appellee’s Motion for Enforcement. Though the point of the issue is unclear, we read it as contending that, because a letter ruling issued by the trial court and dated November 13, 2001 did not make a determination regarding the characterization of the promissory note as “spousal support” the trial court may not make a determination regarding Appellant’s contractual obligations and now grant a summary judgment confirming Appellant’s obligations under the note.
 

 Issue One attempts to raise “the affirmative defense of Collateral Estoppel” and seems to complain of the fact that the trial court did not consider Appellant’s untimely response to Appellee’s Motion for Summary Judgment for the reason that the Federal Bankruptcy Court addressed the issue of whether Appellant was obligated to payments under the note. As stated previously, the Federal Bankruptcy court ruled that the contractual obligation under the note was not dischargeable, the Federal District Court Judge affirmed the decision and the Appellant’s appeal to the Fifth Circuit was dismissed. Though raising the defense of collateral estoppel is not an appropriate appellate issue for our consideration, we observe that Appellant appears to ignore the fact that the federal courts have ruled against him.
 

 Both issues are minimally briefed and do not properly preserve error for review by this court. When a trial court’s summary judgment rests upon more than one independent ground, as the judgment does here, the aggrieved party must assign error to each ground or the judgment will be affirmed on any ground not complained of.
 
 Nabors Corporate Services, Inc. v. Northfield Ins. Co.,
 
 132 S.W.3d 90, 95 (Tex.App.-Houston [14th Dist.] 2004, no pet.h.);
 
 Williamson v. State Farm Lloyds,
 
 76 S.W.3d 64, 67 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Appellant’s issues do not direct this Court’s attention to any specific error on which he bases his complaint.
 
 See
 
 Tex.R.App.P. 38.1(e). A complaint on appeal must address specific errors and not merely attack the trial court’s order in general terms.
 
 McGuire v. McGuire
 
 4 S.W.3d 382, 385 (Tex.App.-Houston [1st Dist.] 1999, no pet.);
 
 Hollifield v. Hollifield,
 
 925 S.W.2d 153, 155 (Tex.App.-Austin 1996, no writ).
 

 Because Appellant’s response to Appellee’s Motion for Partial Summary Judgment was untimely, Appellant did not raise any challenges to the motion for summary judgment and therefore may not raise any on appeal. Tex.R.Civ.P. 166a. In Issue One, appellant claims that the trial judge “improperly ruled in Appellee’s Motion for Partial Summary Judgment” without articulating a basis for error by the court. The issue makes reference to a previous letter ruling of the trial court but does not explain how the final judgment was granted in error. The argument in support of this issue appears to be attempting to attack the entry of the judg
 
 *677
 
 ment for the reason that Appellant does not believe that the property has been properly characterized as “spousal support.” The argument cites to a few irrelevant cases and statutes which do not support an appellate argument. Issue One is thus waived for inadequate briefing.
 
 See
 
 Tex.R.App.P. 38.1(h);
 
 Stephens v. Dolcefino
 
 126 S.W.3d 120, 125-26 (Tex.App.Houston [1st Dist.] 2003, no pet.);
 
 Franz v. Katy Indep. Sch. Dist.,
 
 35 S.W.3d 749, 755 (Tex.App.-Houston [1st Dist.] 2000, no pet.).
 

 The brief “must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief.” Tex. R.App.P. 38.1(g). Rule 38 requires Appellant to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue.
 
 See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.,
 
 106 S.W.3d 118, 128 (Tex.App.-Houston [1st Dist.] 2002, review denied);
 
 Franklin
 
 v.
 
 Enserch, Inc.,
 
 961 S.W.2d 704, 711 (Tex.App.-Amarillo 1998, no pet.). This is not done by merely uttering brief conclusory statements, unsupported by legal citations.
 
 Tesoro,
 
 106 S.W.3d at 128. By presenting such attenuated, unsupported argument, Appellant waives his complaints. We overrule Appellant’s Issue One.
 

 Similarly, Issue Two appears to complain of the trial court’s granting of summary judgment in favor of Appellee because Appellant believes he can assert a defense of collateral estoppel to the proceedings. Like issue one, issue two is inadequately briefed and the purported legal challenge was not raised as a response to Appellee’s Motion for Summary Judgment. Appellant did not establish any basis for reversal of the trial court’s decision in his brief and appears to be asserting that the state court should not address the issue because the Federal Courts have issued a ruling. We overrule Issue Two.
 

 We apply the usual standard of review for an order granting summary judgment without specifying grounds.
 
 See Dow Chemical Co. v. Francis,
 
 46 S.W.3d 237, 242 (Tex.2001). We find ample basis to affirm. Appellee moved for summary judgment under rule 166a.
 
 See
 
 Tex. R.CrvP. 166a.
 
 Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.,
 
 994 S.W.2d 830, 834 (Tex.App.-Houston [1st Dist.] 1999, no pet.);
 
 Science Spectrum, Inc. v. Martinez,
 
 941 S.W.2d 910, 911 (Tex.1997).
 

 A party moving for a traditional summary judgment has the burden of proving that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(e);
 
 Nixon v. Mr. Property Mgmt. Co., Inc.,
 
 690 S.W.2d 546, 548 (Tex.1985);
 
 Hernandez v. Koch Machinery Co.,
 
 16 S.W.3d 48, 51-52 (Tex.App.-Houston [1st Dist.] 2000, review denied). When deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as trae.
 
 Nixon,
 
 690 S.W.2d at 548-49. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.
 
 Id.
 

 A plaintiff, when moving for summary judgment, is not under any obligation to negate affirmative defenses. An affirmative defense will prevent the granting of summary judgment only if each element of the affirmative defense is supported by summary judgment evidence.
 
 Kirby Exploration Co. v. Mitchell Energy Corp.,
 
 701 S.W.2d 922, 926 (Tex.App.Houston [1st Dist.] 1985, writ ref'd n.r.e.). A party raising an affirmative defense in opposition to a motion for summary judgment must either (1) present a disputed fact issue on the opposing party’s failure to satisfy his own burden of proof or (2) establish at least the existence of a fact
 
 *678
 
 issue on each element of his affirmative defense by summary judgment proof.
 
 Tesoro Petroleum Corp.,
 
 106 S.W.3d at 124;
 
 “Moore” Burger, Inc. v. Phillips Petroleum Co.,
 
 492 S.W.2d 934, 936-37 (Tex.1972).
 

 A review of the summary judgment evidence clearly established that Appellant was obligated to Appellee for the $400,000, interest, and attorney’s fees. Further, the record established that the obligation was not discharged by Appellant’s attempted bankruptcy. The trial court had ample evidence to support it’s judgment. The issues do not articulate a complaint about the trial court’s ruling other than generally complaining about the trial court’s granting of a summary judgment. We also note that Appellant has apparently been vigorously attempting to avoid his obligations under the 1999 divorce decree via every forum possible. Appellant, representing himself pro se, is asserting that he is entitled to claim the defense of collateral es-toppel to the findings of the trial court by asserting that certain findings in the Federal Bankruptcy Court should act as a bar to the findings of the trial court now on appeal. "What he fails to comprehend, however, is that the Federal Bankruptcy Court’s ruling was affirmed on appeal and its finding that he is obligated to pay Ap-pellee the sums owed related to the $400,000 promissory note is consistent with the trial court’s determination in the matter pending before at this time.
 

 Furthermore, when a trial court’s order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious.
 
 State Farm Fire & Cas. Co. v. S.S.,
 
 858 S.W.2d 374, 380 (Tex.1993);
 
 Rogers v. Ricane Enterprises, Inc.,
 
 772 S.W.2d 76, 79 (Tex.1989).
 

 The order granting Appellee’s motion does not set out any grounds or make any findings, it merely grants Appellee’s, awarding damages. Once again, we overrule Issues Nos. One and Two in their entirety.
 

 Having overruled Appellant’s issues on review, we affirm the judgment of the trial court.
 

 [1]
 

 . The record refers to Appellee as Cathy Kin-slow and Cathy K. Woodside. For purposes of appeal, we will refer to Appellee as Cathy K. Woodside.