ACCEPTED
03-15-00295-CV
7296020
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/8/2015 3:32:12 PM
JEFFREY D. KYLE
CLERK

## No. 03-15-00295-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/8/2015 3:32:12 PM
JEFFREY D. KYLE
Clerk

# IN THE

# THIRD COURT OF APPEALS

## at Austin

# GERALD KOSTECKA,

## Appellant,

## V.

# SMOKEY MO'S FRANCHISE, LLC d/b/a SMOKEY MO'S BBQ,

## Appellee.

**On Appeal from the 26th Judicial District Court of Williamson County, Texas**

**Trial Cause No. 12-1117-C26**

## APPELLEE'S RESPONSIVE BRIEF

## ORAL ARGUMENT REQUESTED ONLY FOR REBUTTAL

**Robert A. House**
Texas Bar No. 24071591
**CLARK TREVINO & ASSOCIATES**
1701 Director Blvd., Suite 920
Austin, Texas 78744
Telephone:  512-445-1580
Facsimile    512-383-0503
robert.house@farmersinsurance.com

## ATTORNEYS FOR APPELLEE

# **TABLE OF CONTENTS**

I. IDENTITY OF PARTIES AND COUNSEL ................................................... iii

II. STATEMENT OF ORAL ARGUMENT ....................................................... iii

III. INDEX OF AUTHORITIES ..................................................................... iv

IV. STATEMENT OF THE CASE .....................................................................1

V. ISSUES PRESENTED ................................................................................3

VI. STANDARD OF REVIEW..........................................................................4

VII. STATEMENT OF FACTS...........................................................................6

VIII. SUMMARY OF THE ARGUMENT.............................................................8

IX. ARGUMENT...............................................................................................9

X. PRAYER....................................................................................................16

XI. CERTIFICATE OF SERVICE....................................................................17

XII. CERTIFICATE OF COMPLIANCE ...........................................................18

# I.    IDENTITY OF PARTIES AND COUNSEL

Appellant Gerald Kostecka

Stuart Whitlow
LAW OFFICES OF
STUART WHITLOW
1104 S. Mays Street, Suite 116
Round Rock, Texas 78664
(737) 346-1839 Phone
(512) 255-5938 Fax

Appellee Smokey Mo's BBQ

Robert A. House
CLARK, TREVINO &
ASSOCIATES
1701 Directors Boulevard, Suite 920
Austin, Texas 78744
(512) 445-1580 Phone
(512) 383-0503 Fax

# II.    STATEMENT OF ORAL ARGUMENT

Appellee, Smokey Mo's BBQ does not believe oral argument will assist the Court in its analysis of the law and facts in this case, and therefore Appellee only retains the right to present argument on rebuttal should the Court choose to have this case placed on the oral submission docket.

# III.   INDEX OF AUTHORITIES

**Cases**

*Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 5 (Tex.1999)......................4

*Barnes v. Sulak*, No. 03-01-00159-CV, 2002 Tex. App. LEXIS 5727, at *25, n.4, 2002 WL 1804912 (Tex.App. – Austin, Aug. 8, 2002, no pet.).........................v, 9

*Brookshire Katy Drainage Dist. v. Lily Gardens, LLC*, 333 S.W.3d 301, 308 (Tex. App.—Houston [1st Dist.] 2010, pet. denied)...................................................v, 10

*Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989)..................................................4

*Carter v. Converse*, 550 S.W.2d 322, 329 (Tex. Civ. App. -- Tyler, 1977, writ ref. n.r.e.) ...........................................................................................................14

*Cincinnati Life Ins. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996) .............................4

*City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005)..................................4, 5

*Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001)...................................4

*Farlow v Harris Methodist Fort Worth Hospital*, 284 SW3d 903, 911 (Tex App— Fort Worth 2008, pet denied)..............................................................................14

*Garner v. Long*, 106 S.W.3d 260, 267 (Tex. App.—Fort Worth 2003, no pet.).....14

*Geiselman v. Cramer Fin. Grp., Inc.*, 965 S.W.2d 532, 537 (Tex. App.—Houston [14th Dist.] 1997, no writ) ................................................................................14

*Haynes v. City of Beaumont, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.)* ...............................................................................................................10

*Hovorka v. Cmty. Health Sys., Inc.*, 262 S.W.3d 503, 511 (Tex. App.—El Paso 2008, no pet.) ..............................................................................................v, 10

*Humpreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (per curiam).................11

*Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70-71 (Tex.App.---Austin 1998, no pet.) ...........................................................................................................v, 9

*Jones v. Hyman*, 107 S.W.3d 830, 832 (Tex.App.—Dallas 2003, no pet.)...............4

Kantor v. Herald Pub. Co., 645 S.W.2d 625, 629 (Tex. App. Tyler 1983).............14

*Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008)................................................13

*La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 563 (Tex. 1984).............14

*Martin v. Martin, Martin & Richards, Inc.,* 989 S.W.2d 357, 359 (Tex.1998) ........5

*Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex.2013) .........................5

*Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex.2013) ................................................4

*Progressive Cty. Mut. Ins. v. Boyd*, 177 S.W.3d 919, 921 (Tex.2005) ....................5

*Risner v. McDonalds Corp.*, 18 S.W.3d 903 at 906 (Tex. App. 2000). ..................12

*Rizkallah v. Conner*, 952 S.W.2d 580, 587-88 (Tex. App.—Houston [1st Dist.] 1997, no writ)................................................................................................v, 10

*Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996)...................... v, 10, 13

*Southtex 66 Pipeline Co., Ltd. v. Spoor*, 238 S.W.3d 538, 543–44 (Tex. App.—
    Houston [14th Dist.] 2007, pet. denied) ...............................................................10

*State of Texas v. Terry Williams*, 940 S.W.2d 583 at 584 (Tex. 1997) ............ 12, 13

*Taylor-Made Hose, Inc. v. Wilkerson*, 21 S.W.3d 484, 488 (Tex.App.—San
    Antonio 2000, pet. denied) .................................................................................5

*Timpte Indus. v. Gish*, 286 S.W.3d 306, 310 (Tex.2009) ...........................................4

*Woodside v. Woodside*, 154 S.W.3d 688, 692 (Tex.App.—El Paso 2004, no pet.)..4

## Rules

Tex. R. Civ. P. 166a(f).........................................................................................13

TEX. R. CIV. P. 166A(I) .........................................................................................9

Tex. R. Evid. 602 .................................................................................................13

TEX. R. EVID. 801(E) (2) (D) .................................................................................13

TEX.R. CIV. P. 166a(c).........................................................................................10

# IV.   STATEMENT OF THE CASE

*Nature of the case.* On October 11, 2012, Gerald Kostecka, Plaintiff in the underlying action and Appellant herein, alleged bodily injury and sued Smokey Mo's Franchise, LLC D/B/A Smokey Mo's BBQ (Appellee) for premises liability and general negligence; Kostecka's bodily injury claims stem from an October 12, 2010 incident in which Kostecka claims a chair shot out from under him causing him to fall and injure himself.[1] On October 22, 2012, Smokey Mo's BBQ answered with a general denial and affirmative defense, Kostecka's negligence was the proximate cause of the accident and resulting injuries, if any.[2]

*Course of proceedings.* On February 26, 2014, Smokey Mo's BBQ filed a motion to compel discovery responses and production of documents.[3] On November 7, 2014, Smokey Mo's BBQ filed a no-evidence motion for summary judgment.[4] Smokey Mo's BBQ's motion argued that Appellant lacked evidence of each element of his cause of action, damages, and causation concerning Appellant's premises liability claims.[5] On December 9, 2014, Appellant filed a Response to Smokey Mo's BBQ's no-evidence motion for summary judgment.[6] Support only by a self-serving affidavit, without any expert testimony, Appellant

---

[1] C.R. at 7.
[2] C.R. at 14.
[3] C.R. at 17.
[4] C.R. at 33.
[5] C.R. at 33.
[6] S C.R. at 3.

argued that he sustained substantial injuries, pain and suffering, physical impairment and mental anguish damages as a result of the shooting chair.[7] In his Response, Appellant did not provide any evidence supporting his claim for premises liability, nor was there any evidence to support damages of any kind, only conclusory statements.[8]

*Trial court disposition.* The trial court granted Smokey Mo's BBQ's motion for summary judgment on February 13, 2015.[9]

---

[7] S C.R. at 4, 5, and 7.
[8] C.R. at 7.
[9] C.R. at 37.

## V.     ISSUES PRESENTED

Plaintiff failed to present the Trial Court with more than a scintilla of evidence on multiple elements of their cause of action for premises liability, including damages, and therefore the Trial Court was not in error in granting No-Evidence Summary Judgment.

## VI.    STANDARD OF REVIEW

The appellate court may review and affirm on any ground the movant presented to the court in its motion for summary judgment, regardless of whether the trial court identified the ground relied on to grant the summary judgment.[10] When the summary judgment does not state the grounds on which it was granted, the nonmovant must show that each ground alleged in the motion is insufficient to support the judgment.[11] Otherwise, the summary judgment may be affirmed on any one meritorious ground alleged.[12] The appellate court may even review grounds in earlier summary-judgment motions, even though they were denied.[13]

In reviewing a no-evidence summary judgment, the appellate court must consider all the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not.[14] The appellate court will affirm a no-evidence summary judgment if the record shows one of the following: (1) there is no evidence on the

---

[10] *Cincinnati Life Ins. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996); see *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex.2013) (appellate court cannot infer from pleadings other grounds for granting SJ that were not expressly before trial court).

[11] *Jones v. Hyman*, 107 S.W.3d 830, 832 (Tex.App.—Dallas 2003, no pet.).

[12] *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989); *Woodside v. Woodside*, 154 S.W.3d 688, 692 (Tex.App.—El Paso 2004, no pet.).

[13] *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 5 (Tex.1999).

[14] *Timpte Indus. v. Gish*, 286 S.W.3d 306, 310 (Tex.2009); see *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005).

challenged element, (2) the evidence offered to prove the challenged element is no more than a scintilla, (3) the evidence establishes the opposite of the challenged element, or (4) the court is barred by law or the rules of evidence from considering the only evidence offered to prove the challenged element.[15]

When a trial court erroneously grants a summary judgment, the appellate court should affirm the summary judgment if later events in the trial court made the erroneous decision harmless.[16]

---

[15] *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex.2013); *City of Keller*, 168 S.W.3d at 810; *Taylor-Made Hose, Inc. v. Wilkerson*, 21 S.W.3d 484, 488 (Tex.App.—San Antonio 2000, pet. denied).

[16] *Progressive Cty. Mut. Ins. v. Boyd*, 177 S.W.3d 919, 921 (Tex.2005); see, e.g., *Martin v. Martin, Martin & Richards, Inc.,* 989 S.W.2d 357, 359 (Tex.1998) (harmless error to grant D's motion for SJ without notice to P because trial court considered P's response after SJ and reconfirmed its ruling).

## VII. STATEMENT OF FACTS

On October 12, 2010, Gerald Kostecka claims to have injured himself while visiting Appellee, Smokey Mo's BBQ restaurant. Mr. Kostecka claims to have been at the restaurant, eating his dinner, when he reached for a salt shaker and the chair, inexplicably, "shot out from under [him] and [he] fell to the floor jamming [his] left knee."[17] Gerald Kostecka alleges an employee of Smokey Mo's BBQ told him the paint on the floor of the restaurant and the "nature of the bottom of the chair legs" created a "dangerous situation [...] in terms of a chair moving out from under customers."[18] That Smokey Mo's BBQ "had to sand texture the floor."[19] Kostecka claims he was not warned, ordinary care was not exercised, the chairs and floors in Smokey Mo's BBQ were dangerous, and because of this he sustained substantial injuries, felt severe pain and suffering, experienced impairment and mental anguish, which continues to the date of the affidavit, December 8, 2014.[20] No medical records were attached to Gerald Kostecka's Response to the Motion for Summary Judgment.[21] The responses to discovery that were, eventually, served in response to Smokey Mo's BBQ requests include reference to chiropractic treatment from Tyson Krugman, D.C. for a "condition" with Kostecka's his right

---

[17] C.R. at 8.
[18] S  C.R. at 7.
[19] S C.R. at 7.
[20] S C.R. at 7.
[21] S C.R. at 3.

knee on May 18, 2010 – about five months before the October 12, 2010 visit to Smokey Mo's BBQ he claims to have be ousted by the shooting chair.[22] The only support offered as summary judgment evidence is the self-serving affidavit of Gerald Kostecka, wherein Mr. Kostecka essentially restates the pleadings and other conclusory statements, unsupported by facts, reality, or any other shred of evidence, competent or otherwise.[23]

---

[22] C.R. at 23.
[23] S C.R. at 7.

## VIII. SUMMARY OF THE ARGUMENT

Both before the Trial court and before this Court, Gerald Kostecka has failed to establish damages or liability under the premises liability cause of action brought against Smokey Mo's BBQ. More important for the purpose of a summary judgment, no liability or damage exists as a matter of law.

Kostecka failed to show that a condition on the property was unreasonably dangerous. Kostecka failed to show Smokey Mo's BBQ was aware of an unreasonable risk. Kostecka failed to show how Smokey Mo's BBQ failed to use reasonable care in failing to adequately warn the Kostecka and to make the premises safe. Kostecka failed to show any damages that were causally related to the claimed unreasonably dangerous condition.

## IX. ARGUMENT

Gerald Kostecka needed to provide more that a scintilla of evidence to support each point raised in Smokey Mo's BBQ's No-Evidence Motion for Summary Judgment.[24] Both under the Rules and by substance, Kostecka failed to do so. In its No Evidence Motion for Summary Judgment, Smokey Mo's BBQ contended that as to each element required for proof of liability, including damages, Kostecka could not prove each by more than a scintilla of evidence.[25] Smokey Mo's BBQ's No-Evidence Motion for Summary Judgment attacked each element of Kostecka's cause of action for premises liability.[26] "A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial."[27] Kostecka failed to put forth any evidence regarding several elements of his claim. Kostecka provides no proof of the injuries, or other damages, he claims to have sustained.[28] The only summary judgment evidence that was offered in Kostecka's response to the summary judgment motion

---

[24] TEX. R. CIV. P. 166A(I).

[25] C.R. at 33.

[26] If Plaintiff desired to object to any perceived lack of specificity in the No-Evidence Motion for Summary Judgment, this Court has previously ruled any such objection is waived. *Barnes v. Sulak*, No. 03-01-00159-CV, 2002 Tex. App. LEXIS 5727, at *25, n.4, 2002 WL 1804912 (Tex.App. – Austin, Aug. 8, 2002, no pet.).

[27] *Jackson v. Fiesta Mart, Inc.,* 979 S.W.2d 68, 70-71 (Tex.App.---Austin 1998, no pet.).

[28] S C.R. at 3.

9

was his own self-serving affidavit.[29] The affidavit is little different from a verification, in that it only restates the response to the summary judgment motion in an affidavit form. "An affidavit that is nothing more than a sworn repetition of the allegations in the pleadings is conclusory and has no probative force."[30] "Conclusory statements in an affidavit are not proper summary judgment proof."[31] "A conclusory statement is one that does not provide the underlying facts to support the conclusion."[32] "Conclusory statements without factual support are not credible and are not susceptible to being readily controverted."[33] "To avoid being conclusory, statements need factual specificity such as time, place, and the exact nature of the alleged facts."[34] "Merely reciting that an affidavit is made on personal knowledge is insufficient. Instead, the affidavit must go further and disclose the basis on which the affiant has personal knowledge of the facts asserted."[35] "An

---

[29] S C.R. at 7.

[30] *Brookshire Katy Drainage Dist. v. Lily Gardens, LLC,* 333 S.W.3d 301, 308 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

[31] *See Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (affidavits); *Hovorka v. Cmty. Health Sys., Inc.*, 262 S.W.3d 503, 511 (Tex. App.—El Paso 2008, no pet.) (deposition testimony); *see, e.g.*, *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.) (affidavit that Plaintiff was fired because of unacceptable behavior was factual conclusion and incompetent as summary-judgment evidence); *Rizkallah v. Conner*, 952 S.W.2d 580, 587-88 (Tex. App.—Houston [1st Dist.] 1997, no writ) (affidavit that Defendant caused problem with Plaintiff's car by steam cleaning engine was factual conclusion and incompetent as summary-judgment evidence).

[32] Id.

[33] Id.; *See* TEX.R. CIV. P. 166a(c).

[34] *Southtex 66 Pipeline Co., Ltd. v. Spoor*, 238 S.W.3d 538, 543–44 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

[35] Id.

affidavit must 'positively and unqualifiedly' show that the facts asserted are true and within the affiant's personal knowledge."[36] Kostecka attempted to survive summary judgment by offering conclusory statements which purport provide scintillas of evidence on the challenged elements. To support that he has produced more than a scintilla of evidence, he simply says so.[37] The first conclusory statement in the affidavit, with respect to the material facts in the matter, occurs in Kostecka's description of the incident. He swears that the chair shot out from under him when he reached for a salt shaker on the table.[38] This is his only description of how, and the extent, the exact nature of the alleged facts occurred, everything between the moment he began to reach and the moment the chair shoots out from under him. This may be to avoid a discussion on what Kostecka did to cause the chair to shoot, but it avoids a positive and unqualified showing of the truth of the asserted facts. In the very next sentence of the affidavit he claims an employee of Smokey Mo's, named Aaron, told him that the "nature of the bottom of the chair legs and the paint used on the floor I created a dangerous situation for its customers in terms of a chair moving out from under customers."[39] Kostecka fails to provide evidence that the "situation with respect to the chairs and floor in

---

[36] *Humpreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (per curiam).
[37] See Apellant's Brief p. 8.
[38] S C.R. at 7.
[39] S C.R. at 7.

11

its restaurant" was an unreasonable risk.[40] Kostecka does not even explain what the "situation with respect to the chairs and floor in its restaurant" is, and what about it creates any risk. There is no evidence with a description of the legs of the chairs, whether or not have wheels, plastic feet, metal feet, are missing legs, wobble, or are poorly made or maintained. As for the floors, Kostecka does reference a conversation he had with "Matthew" at Smokey Mo's BBQ where it was said the floors had been sand textured.[41] The sanded floors are also without support or description as to what about the condition of the floor would create an unreasonable risk. Is not established whether the floor is slippery after the sanding, if it sticky. Do the chairs now hover over the floor and move about the restaurant on their own? Kostecka did not even put forth evidence to prove that Smokey Mo's BBQ was an owner or occupier of the property.[42] In order for the Smokey Mo's BBQ be liable for a premises defect, the Smokey Mo's BBQ not only has to be an owner or occupier of the property, but must control the activity about which Kosteckas complained.[43] In this case, per the Kostecka's allegations, that would be the "situation with respect to the chairs and floor in its restaurant."[44] Kostecka provided neither the Trial Court nor this Court with any evidence that Smokey

---

[40] S C.R. at 7.
[41] S C.R. at 7.
[42] *State of Texas v. Terry Williams*, 940 S.W.2d 583 at 584 (Tex. 1997).
[43] *Risner v. McDonalds Corp.*, 18 S.W.3d 903 at 906 (Tex. App. 2000).
[44] C.R. at. 8—11 and S C.R. at 7.

Mo's BBQ had control of the "situation with respect to the chairs and floor in its restaurant." As Kostecka failed to meet the first element of their premises liability claim, his lawsuit fails as a matter of law. Kostecka further failed to provide evidence that the "situation with respect to the chairs and floor in its restaurant" was an unreasonable risk. Kosteckas further failed to show any evidence that Smokey Mo's BBQ was aware of the risk by which Kostecka claims he was injured. As noted by the nature of the claim, Kostecka would have to prove by more than a scintilla of evidence not only that an unreasonable risk existed, but that Smokey Mo's BBQ had actual knowledge of that unreasonable risk.[45] Kostecka relies on the heresy statements of an "Aaron" and "Matthew" who are alleged to be employees of Smokey Mo's BBQ; however the hearsay references concerns the "nature of the bottom of the chair legs and the pain used on the floor creating a dangerous situation in terms of a chair moving out from under customers."[46] Kostecka argues these statements are not hearsay because they are admissions by a party opponent. A statement made by the opposing party's agent or employee on a matter within the scope of that relationship and while it existed is not hearsay.[47] Hearsay is not competent summary-judgment evidence.[48] However, for a hearsay

---

[45] *State*, 940 S.W.2d at 584.
[46] S C.R. at 7.
[47] TEX. R. EVID. 801(E) (2) (D)
[48] *See* Tex. R. Civ. P. 166a(f); Tex. R. Evid. 602; *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008); *Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Garner v. Long*, 106

statement to be admissible as admission by a party-opponent made by an agent or servant, the proponent of its admission must show that the statement was made by an employee or agent acting within the scope of authority.[49] Absent the unreliable nature of these statements, they do not explain the unreasonable risk, nor do they explain what Smokey Mo's knew about the alleged condition.[50] Even if Kostecka established that an employee of the Smokey Mo's BBQ knew there was a risk; Kostecka never shows how that risk translated into the higher level of proof needed to establish that this employee, or any other representative of the Smokey Mo's BBQ perceived it as an unreasonable risk. More importantly, the fact "Aaron" or "Matthew," whom are claimed to be Smokey Mo's BBQ's employees, were aware of the "situation with respect to the chairs and floor in its restaurant" provides no evidence to support Kostecka's duty to prove the Defendant was aware of any risk – unreasonable or otherwise. "[A] corporation, is bound by the knowledge of one of its agents if that knowledge came to him in the course of the agent's employment."[51] Kostecka failed to provide any evidence that if there was an

---

S.W.3d 260, 267 (Tex. App.—Fort Worth 2003, no pet.); *Geiselman v. Cramer Fin. Grp., Inc.*, 965 S.W.2d 532, 537 (Tex. App.—Houston [14th Dist.] 1997, no writ).

[49] *Farlow v Harris Methodist Fort Worth Hospital*, 284 SW3d 903, 911 (Tex App—Fort Worth 2008, pet denied).

[50] S C.R. at 7.

[51] *La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 563 (Tex. 1984). Defendant is not oblivious to cases that indicate to the contra (*see* Kantor v. Herald Pub. Co., 645 S.W.2d 625, 629 (Tex. App. Tyler 1983); *Carter v. Converse*, 550 S.W.2d 322, 329 (Tex. Civ. App. -- Tyler, 1977, writ ref. n.r.e.)); however these cases deal with the liabilities imputed on a client by the knowledge of their attorney.

unreasonable risk, Smokey Mo's BBQ failed to take steps to make the condition reasonably safe. This element returns to the Court's consideration of whether Smokey Mo's BBQ owned or occupied the premises. The very nature of the cause of action for premises liability is that the owner created the risk so the owner can remove the risk. In fact, Gerald Kostecka's affidavit states that the floors were sand textured and that it was destroying the mops.[52] Kostecka could not even prove Smokey Mo's BBQ could remove the claimed risk, there was no duty on the part of the Smokey Mo's BBQ to remove the risk.

The level of proof needed to establish each element of a cause of action for premises liability in order to avoid a no-evidence summary judgment is minimal. Kosteckas failed to meet that minimum standard as to multiple elements of their claim. Therefore, the Trial Court correctly ruled in granting Smokey Mo's BBQ's No-Evidence Motion for Summary Judgment and the same should be affirmed on appeal.

---

[52] S C.R. at 7.

## X.    PRAYER

As outlined above, Appellant's response to summary judgment did not raise a genuine issue of material fact. Accordingly, Smokey Mo's respectfully request that this Court affirm the summary judgment entered by the trial court.

Respectfully submitted,

CLARK, TREVINO & ASSOCIATES
Mailing Address:
P.O. Box 258829
Oklahoma City, OK  73125-8829
Physical Address:
1701 Directors Boulevard, Suite 920
Austin, Texas  78744
(512) 445-1580 - Metro
(512) 383-0503 - Metro Fax
robert.house@farmersinsurance.com

BY: _____
Robert A. House
State Bar No. 24071591
ATTORNEYS FOR DEFENDANT

## XI.  CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded to the following parties of record in a manner consistent with the Texas Rules of Appellate Procedure on this 8th day of October, 2015, via facsimile:

Stuart Whitlow
LAW OFFICES OF STUART WHITLOW
1104 S. Mays Street, Suite 116
Round Rock, Texas 78664
(512) 255-5938 Fax

**COUNSEL FOR GERALD KOSTECKA**

_Robert A House_

_____
ROBERT A. HOUSE

## XII.   CERTIFICATE OF COMPLIANCE

The number of words in this document totals: 3,320 words (counting all parts of the document). The body text is in 14 point font, and the footnote text is in 12 point font. The undersigned relied on the word count of the computer program used to prepare the document.


*Robert A House*

_____
ROBERT A. HOUSE