**Affirmed and Memorandum Opinion filed August 13, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00669-CV

---

### JIAN HUAN SITU, Appellant

### V.

### INVESTMENT ART MANAGEMENT, INC., Appellee

---

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2021-02260**

---

## M E M O R A N D U M   O P I N I O N

A landlord sued a commercial tenant for breach of contract and attorney's fees. The tenant answered with a general denial and an affirmative defense. The landlord moved for summary judgment, seeking a traditional summary judgment on its breach-of-contract and attorney's-fee claims and a no-evidence summary judgment on the tenant's affirmative defense. The tenant amended her answer twice, abandoning her previously pleaded affirmative defense and alleging several other affirmative defenses. However, the tenant otherwise did not respond to the

summary-judgment motion. The trial court granted the landlord's motion, awarding the landlord damages and attorney's fees on its breach-of-contract claim, as well as conditional appellate attorney's fees.

The tenant presents a single issue for our review: whether the trial court erred in granting summary judgment because her amended answers, filed subsequent to the landlord's summary-judgment motion, rendered the summary-judgment motion moot. We affirm.

## Background

Investment Art Management, Inc., as landlord, sued appellant Jian Huan Situ for breach of contract and attorney's fees in January 2021. Situ answered later that month, asserting a general denial and the affirmative defense of failure to mitigate damages.

After several trial continuances, in May 2023, Investment Art filed a hybrid summary-judgment motion, seeking a traditional summary judgment on its breach-of-contract and attorney's-fee claims and a no-evidence summary judgment on Situ's failure-to-mitigate affirmative defense, and attached proof of its claims. Later that month, Situ filed an amended answer, and in June 2023, Situ filed a second amended answer, omitting her failure-to-mitigate affirmative defense. She additionally listed as "affirmative defenses" the following:

1. Defendant denies that all conditions precedent to a right of recovery have been satisfied or alleged.

2. Plaintiff's claims are barred and any alleged failure to perform by Defendant is excused because one or more material obligations of the subject contact and lease have not been satisfied by Plaintiff and no theft occurred.

3. Plaintiff's damages, if any, were proximately caused by the act, omissions or breaches of other persons and/or entities and the

2

acts, omissions or breaches were intervening and superseding causes of Plaintiff's alleged damages.

4. Defendant denies that a legally binding contract exists between Plaintiff and Defendant.

5. If in fact a legally binding contract exists between the parties, Defendant made improvements to the subject property which more than offset the amount of rent being sought by Plaintiff.

Situ did not file a written response to Investment Art's summary-judgment motion. The trial court granted Investment Art's motion in August 2023, awarding Investment Art $133,882.98 in damages and $9,307.50 in attorney's fees, as well as conditional appellate attorney's fees. The order expressly states it is "final and appealable and disposes of all claims."

Situ timely appealed.

**Analysis**

Situ presents a single issue: whether the trial court erred in granting summary judgment in Investment Art's favor because the filing of her amended answers rendered Investment Art's previously filed summary-judgment motion "moot."[1]

"We review summary judgments de novo." *Tex. Workforce Comm'n v. Wichita County*, 548 S.W.3d 489, 492 (Tex. 2018). In doing so, "we take as true all

---

[1] Other than reciting the summary-judgment standards of review, Situ's entire argument in support of her issue is as follows:

> Appellant's contention is that, in the due order of pleadings, Appellant's Amended Answer as well as her Second Amended Answer were filed subsequent to Appellee's MSJ and, as such, rendered Appellee's MSJ moot. As such, the Trial Court was not allowed to proceed with rendering the Final Summary Judgment.

Situ provides no argument or authority in support of this brief, conclusory assertion. Thus, we could overrule her issue based on briefing waiver. *See* Tex. R. App. P. 38.1(i) ("The [appellant's] brief must contain a clear and concise argument with the contentions made, with appropriate citations to authorities and to the record."); *Harrison v. Reiner*, 607 S.W.3d 450, 468 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). We will address the issue nonetheless.

evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018) (quoting *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017)). "Summary judgment is proper when no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Wichita County*, 548 S.W.3d at 492.

When, as here, a plaintiff moves for summary judgment on its affirmative claim, it must conclusively prove all elements of its cause of action as a matter of law. *Universal MRI & Diagnostics, Inc. v. Med. Lien Mgmt. Inc.*, 497 S.W.3d 653, 658 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Once a movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Id.* This shifting burden includes the obligation for a defendant to raise a genuine issue of material fact on each element of any affirmative defense that might have prevented the trial court from rendering judgment on the plaintiff's claim. *See Nwokenwo v. JP Morgan Case Bank, N.A.*, No. 14-22-00001-CV, 2023 WL 3115697, at *11 (Tex. App.—Houston [14th Dist.] Apr. 27, 2023, no pet.) (mem. op.) (citing *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984)).

A plaintiff moving for summary judgment is not under any obligation to negate affirmative defenses. *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 124 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see Woodside v. Woodside*, 154 S.W.3d 688, 691 (Tex. App.—El Paso 2004, no pet.). An affirmative defense prevents the granting of a summary judgment for the plaintiff on its own claim *only if* each element of the affirmative defense is supported by summary-judgment evidence. *Tesoro Petroleum*, 106 S.W.3d at 124. Accordingly,

a party raising an affirmative defense in opposition to a summary-judgment motion must either (1) present a disputed fact issue on the opposing party's failure to satisfy its own summary-judgment burden of proof or (2) establish the existence of a fact issue on each element of his affirmative defense. *Id.*; *see Woodside*, 154 S.W.3d at 691-92.

On appeal, Situ does not challenge either Investment Art's evidence that Situ breached the lease agreement or its evidence of attorney's fees. Nor did Situ file a summary-judgment response or present any evidence in support of her affirmative defenses. Rather, Situ urges that her amended answers, standing alone, rendered Investment Art's previously filed summary-judgment motion moot. We disagree.

Investment Art presented sufficient proof that it was entitled to judgment as a matter of law on its contract and attorney's-fee claims; thus, to defeat Investment Art's entitlement to summary judgment, Situ was obliged to file a response opposing the summary-judgment motion and present proof that a fact issue existed. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.")[2]; *Dubois v. Harris County*, 866 S.W.2d 787, 790 (Tex. App.—Houston [14th Dist.] 1993, no writ); *see also Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797-98 (Tex. 2008) ("[A] party who fails to expressly present to the trial court any written response in opposition to the motion for summary judgment waives the right to raise any arguments or issues post-judgment."); *Nwokenkwo*, 2023 WL 3115697, at *11; *Santos v. Yellowfin Loan Servicing Corp.*, No. 14-21-00151-CV, 2022 WL 2678846, at *6 n.5 (Tex. App.—Houston [14th Dist.] July 12, 2022, pet.

---

[2] "The term 'answer' in the context of the rule refers to an answer to the motion, not an answer generally filed in response to a petition." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979).

denied) (mem. op.) (noting that a defendant may respond to a plaintiff's summary-judgment motion by raising a fact issue about its defense); *Thomas v. Lake Cove Cmty. Ass'n, Inc.*, No. 14-13-00173-CV, 2014 WL 1004525, at \*4 (Tex. App.—Houston [14th Dist.] Mar. 13, 2014, pet. denied) (mem. op.) ("A nonmovant's response to a motion for summary judgment must present fact issues in the form of proper summary judgment proof."). "If [Situ] sought to raise a fact issue, the place to do so was in the opposition to the summary judgment through competent summary judgment proof, *not* in an amended [pleading] filed after the motion for summary judgment was filed." *Dubois*, 866 S.W.2d at 790; *see also Baker v. John Peter Smith Hosp., Inc.*, 803 S.W.2d 454, 457 (Tex. App.—Fort Worth 1991, writ denied); *Feller v. Sw. Bell Tel. Co.*, 581 S.W.2d 775, 776 (Tex. App.—Houston [14th Dist.] 1979, no writ).

A party cannot rely on its own pleaded allegations as evidence of facts to oppose a summary-judgment motion. *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 819 (Tex. 2021). Instead, the "nonmoving party is required to make some response to the motion for summary judgment, and in that response must bring fact issues to the attention of the trial court as a predicate to relying on those issues on appeal as grounds for reversal." *Feller*, 581 S.W.2d at 776; *see also Tesoro Petroleum*, 106 S.W.3d at 124 (explaining that if party raising affirmative defense wants to avoid summary judgment against it, it bears the burden of raising a fact issue concerning that defense); *cf. Baker*, 803 S.W.2d at 457 ("It is not a sufficient response to a motion for summary judgment to file an amended petition after the motion for summary judgment has been filed.").

In short, because Situ failed to raise a fact issue showing why summary judgment was not proper in the face of Investment Art's competent summary-judgment proof, we overrule her sole appellate issue.

## Conclusion

We affirm the trial court's judgment.


/s/     Kevin Jewell
             Justice


Panel consists of Justices Jewell, Zimmerer, and Hassan.