

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00278-CV

Lance J. **MEYER** and Kerry L. Meyer,
Appellants

v.

**CASTROVILLE STATE BANK**,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 24-05-29099-CV
Honorable Daniel J. Kindred, Judge Presiding

Opinion by: Rebeca C. Martinez, Chief Justice

Sitting: Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: April 22, 2026

AFFIRMED

Appellants Lance J. Meyer and Kerry Meyer borrowed approximately $672,938.52 from appellee Castroville State Bank to finance renovations on their home. The Meyers executed deeds of trust, pledging their home as security for the loans. After the Meyers failed to pay, the Bank filed a petition for judicial foreclosure. *See* TEX. R. CIV. P. 309. Lance, proceeding pro se, answered with a general denial and pleaded numerous affirmative defenses. Eventually, the Bank filed a hybrid motion for traditional summary judgment on its request for judicial foreclosure and

a no evidence motion on all of Lance's affirmative defenses. Lance filed an "objection" to the Bank's motion, and he attached approximately two-hundred-seventeen pages to his objection. The Bank replied that none of the documents or statements attached to Lance's objection were sworn, verified, made under penalty of perjury, or certified, and therefore they were inadmissible. The trial court signed a final summary judgment in the Bank's favor. The Meyers, continuing to proceed pro se, timely appeal. They raise what we construe to be two issues. We affirm.

## I. DISCUSSION

### A.  Pro Se Considerations

As pro se litigants, the Meyers are held to the same standards as a licensed attorney and must comply with all applicable procedural rules. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). "The Texas Rules of Appellate Procedure require adequate briefing." *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). It is well-settled that, under these rules, an appellant's brief must concisely state the facts, supported by record references, and contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the appellate record. *See* TEX. R. APP. P. 38.1(g), (i); *Williams v. Stiles*, No. 04-18-00575-CV, 2020 WL 1277701, at *2 (Tex. App.—San Antonio Mar. 18, 2020, no pet.) (mem. op.).

While pro se litigants must comply with the applicable procedural rules, application of the rules "may require a different result when the actor is not a lawyer." *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 706 (Tex. 2021) (per curiam) (quoting *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005)). Courts should "review and evaluate pro se pleadings with liberality and patience." *Li*, 631 S.W.3d at 706 (citation omitted); *see also In re A.G.D.*, No. 07-15-00201-CV,

2016 WL 316879, at \*2 (Tex. App.—Amarillo Jan. 22, 2016, no pet.) (applying standard to pro se appellate brief) (cited by *Li*, 631 S.W.3d at 706 n.5).  In addition, the Texas Supreme Court "ha[s] admonished appellate courts to 'reach the merits of an appeal whenever reasonably possible' and cautioned that 'disposing of appeals for harmless procedural defects is disfavored.'"  *Horton v. Stovall*, 591 S.W.3d 567, 570 (Tex. 2019) (per curiam) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)).  "Nevertheless, it is 'settled' that 'an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing' and 'whether that discretion has been properly exercised depends on the facts of the case.'"  *Horton*, 591 S.W.3d at 569–70 (quoting *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994)); *see also Phillips Motors Co. v. Million Auto Parts*, No. 04-19-00391-CV, 2020 WL 1159062, at \*2 (Tex. App.—San Antonio Mar. 11, 2020, no pet.) (mem. op.) (affirming judgment where appellant waived complaints by failing to comply with briefing rules).

## B.    Hybrid Summary Judgment Standard of Review

"We review summary judgments de novo."  *Tex. Workforce Comm'n v. Wichita Cnty.*, 548 S.W.3d 489, 492 (Tex. 2018).  In doing so, "we take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor."  *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018) (quoting *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017)).  "Summary judgment is proper when no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Wichita Cnty.*, 548 S.W.3d at 492.

When, as here, the Bank, as the plaintiff, moves for summary judgment on its affirmative claim, it must conclusively prove all elements of its cause of action as a matter of law.  *Universal MRI & Diagnostics, Inc. v. Med. Lien Mgmt. Inc.*, 497 S.W.3d 653, 658 (Tex. App.—Houston

[14th Dist.] 2016, pet. denied). Once a movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Id*. This shifting burden includes the obligation for a defendant to raise a genuine issue of material fact on each element of any affirmative defense that might have prevented the trial court from rendering judgment on the plaintiff's claim. *See Nwokenwo v. JP Morgan Case Bank, N.A.*, No. 14-22-00001-CV, 2023 WL 3115697, at \*11 (Tex. App.—Houston [14th Dist.] Apr. 27, 2023, no pet.) (mem. op.) (first citing *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998); and then *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984)).

A plaintiff moving for summary judgment is not under any obligation to negate affirmative defenses. *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 124 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see Woodside v. Woodside*, 154 S.W.3d 688, 691 (Tex. App.—El Paso 2004, no pet.). An affirmative defense prevents the granting of a summary judgment for the plaintiff on its own claim only if each element of the affirmative defense is supported by summary-judgment evidence. *Tesoro Petroleum*, 106 S.W.3d at 124. Accordingly, a party raising an affirmative defense in opposition to a summary-judgment motion must either (1) present a disputed fact issue on the opposing party's failure to satisfy its own summary judgment burden of proof or (2) establish the existence of a fact issue on each element of his affirmative defense. *Id.*; *see Woodside*, 154 S.W.3d at 691–92.

## C. Analysis

The Meyers's opening brief spans 11,000 words, and it purports to raise five issues. Of these, we discern two primary complaints. First, the Meyers contend that the Bank was obligated to inspect the progress made by their contractor, and it failed to do so. To this, the Bank responds that the applicable lien provision gave it the right — but not the obligation — to review the progress

of work on the construction project. The Bank argues that the Meyers's appellate arguments are inadequately briefed because they lack record references and legal argument with citations to authorities and the appellate record. The Bank also argues that the Meyers's brief fails to identify any errors in the trial court's judgment. Lastly, the Bank apprises us of at least two opinions referenced by the Meyers — "*In re Carothers*, 780 S.W.2d 820, 823 (Tex. App.—Corpus Christi 1990, orig. proceeding)" and "*Exxon Corp. v. Allsup / Exxon Corp. v. Alembik*, 602 S.W.2d 695 (Tex. 1980)" — that do not exist. Our own research verifies the Bank's assertion.

The trial court granted the Bank a traditional summary judgment on its request for judicial foreclosure. "To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." *Bracken v. Wells Fargo Bank, N.A.*, No. 05-16-01334-CV, 2018 WL 1026268, at *5 (Tex. App.—Dallas Feb. 23, 2018, pet. denied) (mem. op.) (quoting *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 Fed. Appx. 306 (5th Cir. 2014)).

Even reading the Meyers's briefs with "liberality and patience," *Li*, 631 S.W.3d at 706, the Meyers fail to explain, with references to legal authority and the appellate record, how the Bank's right — but not the obligation — to review the progress of work on the construction project raised a question of material fact on the Bank's request for judicial foreclosure. Accordingly, the Meyers failed to present the trial court with evidence raising a genuine issue of material fact on the Bank's request for a judicial foreclosure. *See Universal MRI & Diagnostics, Inc.*, 497 S.W.3d at 658. The Meyers also failed to establish the existence of a fact issue on each element of their affirmative

defenses. *Tesoro Petroleum Corp.*, 106 S.W.3d at 124; *Woodside*, 154 S.W.3d at 691. We overrule the Meyers's first issue.

Second, the Meyers contend that "the trial court violate[d] [their] constitutional due process rights by permitting [the Bank's] counsel to suppress deposition testimony and exhibits." As we understand the Meyers's second issue, the Bank, over the course of discovery, purchased deposition transcripts from the court reporter. When the Bank moved for summary judgment, it did not include in the summary judgment record the transcripts that the Meyers desired. This, according to the Meyers, constitutes "suppression" of evidence. On appeal, the Meyers's complain that such "suppression" violates several provisions in the Texas Rules of Professional Conduct. They also complain that the Bank's conduct disparately impacts pro se litigants and that the United States Supreme Court in *M.L.B. v. S.L.J.*, 519 U.S. 102, 119–20 (1996), "condemned such wealth-based denials of justice."

Regarding their "suppression" theory, the closest the Meyers's come to making such an argument in their summary judgment response is when they argue:

> Castroville State Bank (CSB) and Langley & Banack / Robert Barrows (Opposing Counsel) have had adequate time for discovery, yet failed to supply the Defendant a copy of the subpoenaed deposition, presentation of listed discovery items, or response to demands, presented during the deposition (11/11/2024). Plus, Defendant provided all copies of substantiating documentation for claims, which were cataloged, accepted, and marked as evidence, in accordance with Deposition procedures and requested by CSB.

This argument is not couched in terms of any alleged violation of the Texas Rules of Professional Conduct. It is accordingly, waived. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) ("[T]he non[]movant must expressly present to the trial court any reasons seeking to *avoid* movant's entitlement [to summary judgment]."); *see also Kester v. State Farm Lloyds*, 692 S.W.3d 670, 674 n.3 (Tex. App.—Fort Worth 2023, pet. dism'd) ("A nonmovant must

therefore 'expressly present to the trial court in writing any reasons for avoiding the movant's right to summary judgment. Any summary-judgment issues not raised in a timely, written response to the movant's summary-judgment grounds are waived.'") (quoting *Ahmad v. Mathur*, No. 02-13-00314-CV, 2014 WL 1859369, at \*2 (Tex. App.—Fort Worth May 8, 2014, no pet.) (mem. op.)).

In *M.L.B.*, the only other legal authority the Meyers' reference for their second issue, the Court addressed whether an indigent mother whose parental rights had been terminated was entitled to an appellate record at no cost. *See M.L.B.*, 519 U.S. at 119–20 ("For the purpose at hand, M.L.B. asks us to treat her parental termination appeal as we have treated petty offense appeals; she urges us to adhere to the reasoning in *Mayer v. Chicago*, [citations omitted], and rule that Mississippi may not withhold the transcript M.L.B. needs to gain review of the order ending her parental status."). The Bank's failure to include in the summary judgment record deposition transcripts that the Meyers's desired does not violate *M.L.B.*, 519 U.S. at 124 ("In accord with the substance and sense of our decisions in *Lassiter* and *Santosky*, [citation omitted], we place decrees forever terminating parental rights in the category of cases in which the State may not 'bolt the door to equal justice[.]'"). We overrule the Meyers's second issue.

### D.     Nonexistent Authority

Before concluding, we would be remiss without acknowledging the Meyers's reference to two non-existent cases. "Courts across the country have issued sanctions against attorneys and pro se parties for submitting fictitious case citations, fictitious quotations, and related misrepresentations to the court, including" dismissing or denying the appeal. *United States v. Hayes*, 763 F. Supp. 3d 1054, 1071–72 (E.D. Cal. 2025) (collecting cases); *see also Ex parte Lee*, 673 S.W.3d 755, 756–57 (Tex. App.—Waco 2023, no pet.) (affirming trial court's denial of criminal defendant's habeas request for pre-trial release or reduction of bail and holding defendant

inadequately briefed appeal where brief cited three non-existent cases and did not cite the record). In our discretion, we respectfully decline to initiate sanctions proceedings. *See Ex parte Lee*, 673 S.W.3d at 757 n.2 ("Because we have no information regarding why the briefing is illogical, and because we have addressed the issue raised on appeal, we resist the temptation to issue a show cause order.").

## II. CONCLUSION

The judgment of the trial court is affirmed.

Rebeca C. Martinez, Chief Justice